Paul M. Basta
Brian S. Lennon
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

   - and -

Patrick J. Nash, Jr. (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FGIC CORPORATION,[1] | ) |
| | ) Case No. 10-14215 (___) |
| Debtor. | ) |
| | ) |

### GLOBAL NOTES AND STATEMENT OF
### LIMITATIONS, METHODOLOGY AND DISCLAIMER
### REGARDING THE DEBTOR'S SCHEDULES OF ASSETS
### AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS

      FGIC Corporation, the debtor and debtor in possession in the above-captioned chapter 11 case ("FGIC Corp." or "Debtor"), filed its Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "Statement," and together with the Schedules, the "Bankruptcy Schedules") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtor, with the assistance of its advisors, prepared the Bankruptcy Schedules in accordance with section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] The last four digits of the Debtor's tax identification number are 6474. The location of the Debtor's corporate headquarters is 125 Park Avenue, New York, New York 10017.

John S. Dubel, as the Chief Executive Officer of FGIC Corp. and an authorized signatory for the Debtor, executed the Bankruptcy Schedules. In reviewing and signing the Bankruptcy Schedules, Mr. Dubel relied upon the efforts, statements and representations of various members of the Debtor's management team. Mr. Dubel has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

The Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs (the "Global Notes") pertain to, and comprise an integral part of, the Bankruptcy Schedules and are incorporated by reference therein. These Global Notes should be referred to and reviewed in connection with any review of the Bankruptcy Schedules.

The Bankruptcy Schedules do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the Debtor's financial statements. Additionally, the Bankruptcy Schedules contain unaudited information that is subject to further review and modification, and reflect the Debtor's commercially reasonable efforts to report the Debtor's assets and liabilities on an unconsolidated basis.

In preparing the Bankruptcy Schedules, the Debtor relied upon financial data derived from its books and records as available at the time of such preparation. Although the Debtor made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised or subsequent information, may cause a material change to the Bankruptcy Schedules. Accordingly, the Debtor reserves all rights to amend, supplement or otherwise modify the Bankruptcy Schedules at any time as necessary and appropriate. Notwithstanding any such disclosure, the Debtor shall not be required to update the Bankruptcy Schedules.

## Global Notes and Overview of Methodology

**Reservation of Rights**. Nothing contained in the Bankruptcy Schedules shall constitute a waiver of the Debtor's rights or an admission with respect to its chapter 11 case, including any issues involving equitable subordination, defenses and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws.

**Description of Case**. On August 3, 2010, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**Recharacterization**. Notwithstanding the Debtor's best efforts to properly characterize, classify, categorize or designate certain claims, assets, executory contracts, unexpired leases and other items reported in the Bankruptcy Schedules, the Debtor may have improperly characterized, classified, categorized, designated or omitted certain items. Accordingly, the Debtor reserves all rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Bankruptcy Schedules at a later time as is necessary and appropriate, and as

2

additional information becomes available, including whether contracts listed herein were deemed executory as of the Petition Date and remain executory postpetition.

**Insiders**.  The Debtor has not scheduled any payments to an "insider" as that term is defined in section 101(31) of the Bankruptcy Code.  Nevertheless, in the interests of full disclosure, the Debtor has scheduled the payments made to its wholly-owned subsidiary, Financial Guaranty Insurance Company in the year prior to the Petition Date.

**Intercompany Claims**.  Payables owed to, the Debtor's affiliates ("Intercompany Claims") are reported on Schedule F.  The listing of Intercompany Claims or the failure to list such Intercompany Claims is not and shall not be construed as an admission of the characterization of such balances as debt, equity or otherwise.

**Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, expired by their terms, have been assigned or otherwise transferred pursuant to a sale, acquisition or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, expired by their terms, been assigned or otherwise transferred pursuant to a sale, acquisition or other transaction.  Accordingly, the Debtor reserves all of its rights with respect to the legal status of any and all such intellectual property rights.

**Classifications**.  Listing a claim on Schedule F as "unsecured" or listing a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtor of the legal rights of the claimant or a waiver of the Debtor's right to recharacterize or reclassify such claim, contract or lease.

**Claims Description**.  Any failure to designate a claim on the Bankruptcy Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated."  The Debtor reserves all rights to dispute any claim reflected on the Bankruptcy Schedules on any grounds, including liability and classification, or to otherwise subsequently designate such claims as "disputed," "contingent" or "unliquidated."

**Causes of Action**.  Despite reasonable efforts, the Debtor may not have identified and/or set forth all of its causes of action (filed or potential) against third parties as assets in the Bankruptcy Schedules.  The Debtor reserves all rights with respect to any causes of action and nothing in the Global Notes or the Bankruptcy Schedules shall be deemed a waiver of any such causes of action.

**Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

(a)     Currency.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

(b)     Undetermined Amounts.  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

K&E 17447333

(c)    Totals.  All totals that are included in the Bankruptcy Schedules represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

(d)    Excluded Assets and Liabilities.  The Debtor has excluded goodwill and accrued liabilities including tax accruals and accrued accounts payable from the assets and liabilities set forth in the Bankruptcy Schedules.  Other immaterial assets and liabilities may also have been excluded.

## Specific Disclosures with Respect to the Debtor's Schedules[2]

**Schedule B**.  As set forth in Schedule B(13), the Debtor holds interests in FGIC and FGIC (Australia), non-debtor affiliates.  For purposes of Schedule B(13), the value of these interests is set forth as "undetermined" and is not intended, and should not be considered, an admission as to the value of such interests.

**Schedule F**.  Schedule F reflects the prepetition amounts owing, if any, to counterparties to executory contracts.  Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract.  Schedule F does not include rejection damages claims, if any, of the counterparties to executory contracts that may be rejected.

The claims of individual creditors are listed on the Debtor's books and records and may not reflect credits or allowances due from such creditor.  The Debtor reserves all of its rights respecting such credits and allowances.  The dollar amounts listed may be exclusive of contingent and unliquidated amounts.

**Schedule G**.  While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable.  The Debtor hereby reserves all of its rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.  Additionally, the Debtor reserves all rights to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim

Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnification provisions, options to purchase, rights of first refusal and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth separately on Schedule G.  In addition, the Debtor may have entered into various other types of agreements in the ordinary course of its business, such as easements, right of way, subordination, nondisturbance agreements, supplemental agreements and letter agreements.  Such documents may not be set forth in Schedule G.

---

[2]    In the event that the Bankruptcy Schedules differ from the foregoing Global Notes, the Global Notes shall control.

Further, the Debtor may be party to certain agreements that have expired by their terms, but under which all parties to the agreement continue to operate. Out of an abundance of caution, the Debtor may have listed such agreements on Schedule G. The Debtor's inclusion of such a contract or agreement on Schedule G is not an admission that such contract or agreement is an executory contract or unexpired lease.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. The listing of any contract on Schedule G does not constitute an admission by the Debtor as to the validity of any such contract. The Debtor reserves the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

**Schedule H**. Only FGIC, as a co-signer under that certain Revolving Credit Agreement, dated as of December 12, 2005 (as amended, the "Revolving Credit Agreement"), by and among FGIC Corp., FGIC, the lender parties thereto and JPMorgan Chase Bank, N.A. as administrative agent (the "Administrative Agent"), is listed on Schedule H. Although there are multiple parties that hold a portion of the debt under the Revolving Credit Agreement, only the Administrative Agent has been listed for purposes of Schedule H.

K&E 17447333

# United States Bankruptcy Court
## Southern District of New York

In re    **FGIC Corporation**                          Case No.    **10-14215**

                               Debtor(s)        Chapter    **11**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## *DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

#### 1. Income from employment or operation of business

None
■

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                      SOURCE

---

#### 2. Income other than from employment or operation of business

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$3,749,141.00** | **Investment Income: FY 2008 and 2009** |
| **$58,492,009.00** | **Other income: income resulting from repurchase of $63,105,000 of outstanding notes in April 2009** |

### 3. Payments to creditors

None
■

**Complete a. or b., as appropriate, and c.**

    a.   *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
☐

    b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850[*].  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **Wilmington Trust FSB Successor Indenture Trustee 166 Mercer Street, Suite 2-R New York, NY 10012** | **7/29/2010 8/2/2010** | **$8,620.00** | **$0.00** |
| **Bank of New York Mellon 101 Barclay Street, 21 West New York, NY 10286** | **6/02/10 6/04/10 6/18/10** | **$2,830.00** | **$0.00** |
| **Cravath, Swaine & Moore LLP Attn.:  B. Robbins Kiessling, Esq. 825 Eighth Avenue New York, NY 10019** | **5/25/10 7/02/10** | **$7,100.00** | **$0.00** |
| **JPMorgan Chase Bank, N.A. Attn.:  Karen Freed 1 Chase Manhattan Plaza, Floor 7 New York, NY 10005** | **5/17/2010 6/15/2010 7/15/2010** | **$645.95** | **$0.00** |
| **Morgan Lewis & Bockius LLP Attn.:  Richard S. Toder 101 Park Avenue New York, NY 10178** | **8/03/2010** | **$69,375.30** | **$0.00** |
| **DLA Piper Attn.:  H. Jeffrey Schwartz 1251 Avenue of the Americas New York, NY 10020** | **8/03/2010** | **$140,051.38** | **$0.00** |
| **FTI Consulting, Inc. Attn.:  John Siris 3 Times Square, 11th Floor New York, NY 10036** | **8/03/2010** | **$10,890.94** | **$0.00** |
| **Richards Layton & Finger, P.A. Attn.:  Mark J. Gentile One Rodney Square 920 King Street Wilmington, DE 19801** | **8/03/2010** | **$7,436.89** | **$0.00** |

[*] Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

None
☐    c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Financial Guaranty Ins. Co.**<br>**125 Park Avenue**<br>**New York, NY 10017**<br>  **Subsidiary** | 9/23/2009<br>9/24/2009<br>12/16/2009<br>3/22/2010<br>4/27/2010<br>5/20/2010<br>6/23/2010<br>7/28/2010<br>8/02/2010 | **$409,024.19** | **$0.00** |

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
■    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None
■    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5. Repossessions, foreclosures and returns**

None
■    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**6. Assignments and receiverships**

None
■    a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

#### 7. Gifts

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

#### 8. Losses

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

#### 9. Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **Kirkland & Ellis LLP**<br>**601 Lexington Avenue**<br>**New York, NY 10022** | **10/16/2009**<br>**11/23/2009**<br>**12/28/2009**<br>**1/25/2010**<br>**2/22/2010**<br>**2/26/2010**<br>**3/31/2010**<br>**4/15/2010**<br>**5/7/2010**<br>**5/28/2010**<br>**6/24/2010**<br>**7/9/2010**<br>**7/16/2010**<br>**7/28/2010**<br>**7/30/2010** | **$1,298,411.03** |
| **Blackstone Advisory Partners L.P.**<br>**345 Park Avenue**<br>**New York, NY 10154** | **12/2/2009**<br>**12/10/2009**<br>**1/19/2010**<br>**2/8/2010**<br>**3/8/2010**<br>**4/1/2010**<br>**5/12/2010**<br>**6/8/2010**<br>**7/2/2010**<br>**8/2/2010** | **$126,296.46** |
| **The Garden City Group, Inc.**<br>**105 Maxess Road**<br>**Melville, NY 11747** | **5/10/2010**<br>**7/12/2010** | **$30,000** |

**10. Other transfers**

None
☐   a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |
| **Bank of NY Mellon**<br>**101 Barclay Street, 21st floor**<br>**New York, NY 10286**<br>  **Indenture Trustee for unsecured notes** | **April 2009** | **FGIC Corp. repurchased oustanding notes having a face value of $63,105,000 for a cash payment of $3,376,000.** |
| **JPMorgan Chase, NA**<br>**277 Park Avenue, 8th Floor**<br>**New York, NY 10017**<br>  **Creditor** | **4/30/2009** | **FGIC Corp. paid JPMorgan Chase, NA $4,500,138.73 for pro rata distribution to lenders under FGIC Corp.'s prepetition revolving credit facility in exchange for the waiver of certain conditions of the credit agreement governing the credit facility.** |
| **Dana Skelton**<br>**5908 Liebig Avenue**<br>**Bronx, NY 10471**<br>  **Former employee of affiliate** | **1/31/2009** | **FGIC Corp. granted Dana Skelton 6 restricted share units of FGIC Corp. common stock as compensation for services performed as a director, officer and employee of FGIC Corp. affiliates.** |
| **Lynn Finkel**<br>**315 E 65 St 4B**<br>**New York, NY 10021**<br>  **Former director/officer of affiliates** | **1/31/2009** | **FGIC Corp. granted Lynn Finkel 12 restricted share units of FGIC Corp. common stock as compensation for services performed as a director, officer and employee of FGIC Corp. affiliates.** |
| **Mary Francoeur**<br>**475 Ridgewood Road**<br>**Maplewood, NJ 07040**<br>  **Former employee of affiliate** | **1/31/2009** | **FGIC Corp. granted Mary Francoeur 10 restricted share units of FGIC Corp. common stock as compensation for services performed as a director, officer and employee of FGIC Corp. affiliates.** |
| **Florien Bouwmeester**<br>**330 Bergen St, Apt 5D**<br>**Brooklyn, NY 11217**<br>  **Former employee of affiliate** | **1/31/2009** | **FGIC Corp. granted Florien Brouwmeester 6 restricted share units of FGIC Corp. common stock as compensation for services performed as a director, officer and employee of FGIC Corp. affiliates.** |
| **Lisa Lesko**<br>**105 Upper Pond Rd.**<br>**Bearsville, NY 12409**<br>  **Former employee of affiliate** | **1/31/2009** | **FGIC Corp. granted Lisa Lesko 5 restricted share units of FGIC Corp. common stock as compensation for services performed as a director, officer and employee of FGIC Corp. affiliates.** |
| **Sean Woodroffe**<br>**40 Meadow Park Lane**<br>**Belle Mead, NJ 08502**<br>  **Former officer** | **1/31/2009** | **FGIC Corp. granted Sean Woodroffe 14 restricted share units of FGIC Corp. common stock as compensation for services performed as a director, officer and employee of FGIC Corp. affiliates.** |
| **Seth Lehman**<br>**25 Holland Lane**<br>**Monsey, NY 10952**<br>  **Former employee of affiliate** | **1/31/2009** | **FGIC Corp. granted Seth Lehman 9 restricted share units of FGIC Corp. common stock as compensation for services performed as a director, officer and employee of FGIC Corp. affiliates.** |
| **Karen Daly**<br>**3427 79th Street, Apt #31**<br>**Jackson Heights, NY 11372**<br>  **Former employee of affiliate** | **1/31/2009** | **FGIC Corp. granted Karen Daly 15 restricted share units of FGIC Corp. common stock as compensation for services performed as a director, officer and employee of FGIC Corp. affiliates.** |

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Thomas Adams**<br>**53 N. Moore St. 2C**<br>**New York, NY 10013**<br>    **Former officer of affiliate** | **1/31/2009** | **FGIC Corp. granted Thomas Adams 19 restricted share units of FGIC Corp. common stock as compensation for services performed as a director, officer and employee of FGIC Corp. affiliates.** |
| **Howard Cure**<br>**445 E 86th St #6H**<br>**New York, NY 10028**<br>    **Former employee of affiliate** | **1/31/2009** | **FGIC Corp. granted Howard Cure 8 restricted share units of FGIC Corp. common stock as compensation for services performed as a director, officer and employee of FGIC Corp. affiliates.** |
| **Jeffrey Fried**<br>**35 Westgate Road**<br>**Muttontown, NY 11791**<br>    **Former officer of affiliate** | **1/31/2009** | **FGIC Corp. granted Jeffrey Fried 26 restricted share units of FGIC Corp. common stock as compensation for services performed as a director, officer and employee of FGIC Corp. affiliates.** |
| **David Lopp**<br>**6 Ellis Ct.**<br>**Rye, NY 10580**<br>    **Former employee of affiliate** | **1/31/2009** | **FGIC Corp. granted David Lopp 16 restricted share units of FGIC Corp. common stock as compensation for services performed as a director, officer and employee of FGIC Corp. affiliates.** |
| **Brian Moore**<br>**165 W 20 St., 6B**<br>**New York, NY 10011**<br>    **Former officer of affiliate** | **1/31/2009** | **FGIC Corp. granted Brian Moore 10 restricted share units of FGIC Corp. common stock as compensation for services performed as a director, officer and employee of FGIC Corp. affiliates.** |
| **Paul Morrison**<br>**115 River Rd., Unit #9**<br>**Cos Cob, CT 06807**<br>    **Former officer of affiliates** | **1/31/2009** | **FGIC Corp. granted Paul Morrison 16 restricted share units of FGIC Corp. common stock as compensation for services performed as an officer and employee of FGIC Corp. affiliates.** |
| **Emanuel Acosta**<br>**Financial Guaranty Ins. Co.**<br>**125 Park Avenue**<br>**New York, NY 10017**<br>    **Current employee of affiliate** | **1/31/2009** | **FGIC Corp. granted Emanuel Acosta 6 restricted share units of FGIC Corp. common stock as compensation for services performed as an employee of a FGIC Corp. affiliate.** |
| **John F. Donohoe**<br>**FGIC Corporation**<br>**125 Park Avenue**<br>**New York, NY 10017**<br>    **Current officer** | **1/31/09** | **FGIC Corp. granted John F. Donohoe 6 restricted share units of FGIC Corp. common stock as compensation for services performed as an officer of FGIC Corp and an officer and employee of a FGIC Corp. affiliate.** |
| **Robert Velins**<br>**222/3 Darling Island Rd.**<br>**Pyrmont, New South Wales NSW 2009**<br>    **Former director/officer of affiliate** | **1/31/09** | **FGIC Corp. granted Robert Velins 39 restricted share units of FGIC Corp. common stock as compensation for services performed as a director, officer and employee of a FGIC Corp. affiliate.** |
| **Glenn Fox**<br>**19 Ibworth Lane, Elvetham Heath**<br>**Fleet Hampshire GU51 1AU**<br>    **Former employee of affiliate** | **1/31/09** | **FGIC Corp. granted Glenn Fox 30 restricted share units of FGIC Corp. common stock as compensation for services performed as an employee of a FGIC Corp. affiliate.** |
| **Peter Cardinale**<br>**10 Audubon Place**<br>**Huntington, NY 11743**<br>    **Former employee of affiliate** | **1/31/09** | **FGIC Corp. granted Peter Cardinale 8 restricted share units of FGIC Corp. common stock as compensation for services performed as a former employee of a FGIC Corp. affiliate.** |

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Kenneth L. Degen**<br>**Financial Guaranty Ins. Co.**<br>**125 Park Avenue**<br>**New York, NY 10017**<br>    **Current officer of affiliate** | **1/31/09** | **FGIC Corp. granted Kenneth L. Degen 26 restricted share units of FGIC Corp. common stock as compensation for services performed as an officer and employee of a FGIC Corp. affiliate.** |
| **Carolanne Gardner**<br>**FGIC Corporation**<br>**125 Park Avenue**<br>**New York, NY 10017**<br>    **Current officer** | **1/31/09** | **FGIC Corp. granted Carolanne Gardner 12 restricted share units of FGIC Corp. common stock as compensation for services performed as an officer of FGIC Corp. and an officer and employee of a FGIC Corp. affiliate.** |
| **Ellen Gordon**<br>**176 Leroy St.**<br>**Tenafly, NJ 07670**<br>    **Former employee of affiliate** | **1/31/09** | **FGIC Corp. granted Ellen Gordon 20 restricted share units of FGIC Corp. common stock as compensation for services performed as an employee of a FGIC Corp. affiliate.** |
| **Clifton Lewis**<br>**Financial Guaranty Ins. Co.**<br>**125 Park Avenue**<br>**New York, NY 10017**<br>    **Current employee of FGIC Corp. affiliate** | **1/31/09** | **FGIC Corp. granted Clifton Lewis 2 restricted share units of FGIC Corp. common stock as compensation for services performed as an employee of a FGIC Corp. affiliate.** |
| **Steven P. Natko**<br>**FGIC Corporation**<br>**125 Park Avenue**<br>**New York, NY 10017**<br>    **Current officer** | **1/31/09** | **FGIC Corp. granted Steven P. Natko 2 restricted share units of FGIC Corp. common stock as compensation for services performed as an officer of FGIC Corp. and an officer and employee of a FGIC Corp. affiliate.** |
| **Timothy Tattam**<br>**Financial Guaranty Ins. Co.**<br>**125 Park Avenue**<br>**New York, NY 10017**<br>    **Current employee of affiliate** | **1/31/09** | **FGIC Corp. granted Timothy Tattam 10 restricted share units of FGIC Corp. common stock as compensation for services performed as an employee of a FGIC Corp. affiliate.** |
| **A. Edward Turi, III**<br>**FGIC Corporation**<br>**125 Park Avenue**<br>**New York, NY 10017**<br>    **Current officer** | **1/31/09** | **FGIC Corp. granted A. Edward Turi, III 14 restricted share units of FGIC Corp. common stock as compensation for services performed as an officer of FGIC Corp. and an officer and employee of FGIC Corp. affiliates.** |
| **Timothy S. Travers**<br>**125 Park Avenue**<br>**New York, NY 10017**<br>    **Current officer of affiliates** | **1/31/09** | **FGIC Corp. granted Timothy Travers 22 restricted share units of FGIC Corp. common stock as compensation for services performed as an officer and employee of FGIC Corp. affiliates.** |
| **Thomas C. Wajnert**<br>**125 Park Avenue**<br>**New York, NY 10017**<br>    **Current Director of FGIC Corp.** | **1/31/2009** | **FGIC Corp. granted Thomas C. Wajnert 600 restricted share units of FGIC Corp. common stock as compensation for services performed as a director of FGIC Corp.** |
| **Ann Kaplan**<br>**Circle Financial Group, LLC**<br>**650 Madison Ave., 17th Fl.**<br>**New York, NY 10022**<br>    **Former director of FGIC Corp.** | **1/31/2009** | **FGIC Corp. granted Ann Kaplan 240 restricted share units of FGIC Corp. common stock as compensation for services performed as a former director of FGIC Corp.** |
| **Harold Philipps**<br>**1445 16th Street Apt. 1401**<br>**Miami Beach, FL 33139**<br>    **Former director of FGIC Corp.** | **1/31/2009** | **FGIC Corp. granted Harold Philipps 240 restricted share units of FGIC Corp. common stock as compensation for services performed as a former director of a FGIC Corp.** |

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Nicholas Jones**<br>**9 Cardigan Mansions**<br>**19 Richmond Hill**<br>**Richmond, Surrey UK TW10 6RD**<br>    **Former director of FGIC Corp. affiliate** | **1/31/2009** | **FGIC Corp. granted Nicholas Jones 80 restricted share units of FGIC Corp. common stock as compensation for services performed as a former director of a FGIC Corp. affiliate.** |
| **Howard C. Pfeffer**<br>**125 East Broadway, Unit #409**<br>**Long Beach, NY 11561**<br>    **Former director and officer** | **2/9/09** | **FGIC Corp. granted Howard C. Pfeffer 39 restricted share units of FGIC Corp. common stock as compensation for services performed as a director and officer of FGIC Corp. and a director, officer and employee of FGIC Corp. affiliates.** |
| **Frank J. Bivona**<br>**822 Scioto Dr.**<br>**Franklin Lakes, NJ 07417**<br>    **Former director and officer** | **2/9/09** | **FGIC Corp. granted Frank J. Bivona 132 restricted share units of FGIC Corp. common stock as compensation for services performed as a director and officer of FGIC Corp. and a director, officer and employee of FGIC Corp. affiliates.** |
| **Peter Cardinale**<br>**10 Audubon Place**<br>**Huntington, NY 11743**<br>    **Former employee of affiliate** | **1/31/10** | **FGIC Corp. granted Peter Cardinale 11 restricted share units of FGIC Corp. common stock as compensation for services performed as a former employee of a FGIC Corp. affiliate.** |
| **Howard Cure**<br>**445 E 86th St. #6H**<br>**New York, NY 10028**<br>    **Former employee of affiliate** | **1/31/2010** | **FGIC Corp. granted Howard Cure 13 restricted share units of FGIC Corp. common stock as compensation for services performed as an employee of a FGIC Corp. affiliate.** |
| **Karen Daly**<br>**3427 79th Street, Apt #31**<br>**Jackson Heights, NY 11372**<br>    **Former employee of affiliate** | **1/31/10** | **FGIC Corp. granted Karen Daly 22 restricted share units of FGIC Corp. common stock as compensation for services performed as an employee of a FGIC Corp. affiliate.** |
| **Kenneth L. Degen**<br>**125 Park Avenue**<br>**New York, NY 10017**<br>    **Current officer of affiliate** | **1/31/10** | **FGIC Corp. granted Kenneth L. Degen 38 restricted share units of FGIC Corp. common stock as compensation for services performed as an officer and employee of a FGIC Corp. affiliate.** |
| **John F. Donohoe**<br>**FGIC Corporation**<br>**125 Park Avenue**<br>**New York, NY 10017**<br>    **Current officer** | **1/31/10** | **FGIC Corp. granted John F. Donohoe 9 restricted share units of FGIC Corp. common stock as compensation for services performed as an officer of FGIC Corp. and an officer and employee of a FGIC Corp. affiliate.** |
| **Lynn Finkel**<br>**315 E 65 St. 4B**<br>**New York, NY 10021**<br>    **Former director/officer of affiliates** | **1/31/10** | **FGIC Corp. granted Lynn Finkel 17 restricted share units of FGIC Corp. common stock as compensation for services performed as a director, officer and employee of FGIC Corp. affiliates.** |
| **Glenn Fox**<br>**19 Ibworth Lane, Elvetham Heath**<br>**Fleet Hampshire GU51 1AU**<br>    **Former employee of affiliates** | **1/31/10** | **FGIC Corp. granted Glenn Fox 29 restricted share units of FGIC Corp. common stock as compensation for services performed as an employee of a FGIC Corp. affiliate.** |
| **Jeffrey Fried**<br>**35 Westgate Road**<br>**Muttontown, NY 11791**<br>    **Former officer of affiliate** | **1/31/10** | **FGIC Corp. granted Jeffrey Fried 38 restricted share units of FGIC Corp. common stock as compensation for services performed as an officer and employee of a FGIC Corp. affiliate.** |

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Carolanne Gardner**<br>**FGIC Corporation**<br>**125 Park Avenue**<br>**New York, NY 10017**<br>    **Current officer** | **1/31/10** | **FGIC Corp. granted Carolanne Gardner 18 restricted share units of FGIC Corp. common stock as compensation for services performed as an officer of FGIC Corp. and an officer and employee of a FGIC Corp. affiliate.** |
| **Ellen Gordon**<br>**176 Leroy Street**<br>**Tenafly, NJ 07670**<br>    **Former employee of affiliate** | **1/31/10** | **FGIC Corp. granted Ellen Gordon 28 restricted share units of FGIC Corp. common stock as compensation for services performed as an employee of a FGIC Corp. affiliate.** |
| **Lisa Lesko**<br>**105 Upper Pond Rd.**<br>**Bearsville, NY 12409**<br>    **Former employee of affiliate** | **1/31/10** | **FGIC Corp. granted Lisa Lesko 7 restricted share units of FGIC Corp. common stock as compensation for services performed as a former employee of a FGIC Corp. affiliate.** |
| **Clifton Lewis**<br>**Financial Guaranty Ins. Co.**<br>**125 Park Avenue**<br>**New York, NY 10017**<br>    **Current employee of affiliate** | **1/31/10** | **FGIC Corp. granted Clifton Lewis 3 restricted share units of FGIC Corp. common stock as compensation for services performed as an employee of a FGIC Corp. affiliate.** |
| **David Lopp**<br>**6 Ellis Court**<br>**Rye, NY 10580**<br>    **Former employee of affiliate** | **1/31/10** | **FGIC Corp. granted David Lopp 22 restricted share units of FGIC Corp. common stock as compensation for services performed as an employee of a FGIC Corp. affiliate.** |
| **Brian Moore**<br>**165 W 20 St. 6B**<br>**New York, NY 10011**<br>    **Former employee of affiliate** | **1/31/10** | **FGIC Corp. granted Brian Moore 15 restricted share units of FGIC Corp. common stock as compensation for services performed as an officer and employee of a FGIC Corp. affiliate.** |
| **Paul Morrison**<br>**115 River Rd., Unit #9**<br>**Cos Cob, CT 06807**<br>    **Former officer of affiliates** | **1/31/10** | **FGIC Corp. granted Paul Morrison 22 restricted share units of FGIC Corp. common stock as compensation for services performed as an officer and employee of FGIC Corp. affiliates.** |
| **Steven P. Natko**<br>**FGIC Corporation**<br>**125 Park Avenue**<br>**New York, NY 10017**<br>    **Current officer** | **1/31/10** | **FGIC Corp. granted Steven P. Natko 3 restricted share units of FGIC Corp. common stock as compensation for services performed as an officer of FGIC Corp. and an officer and employee of a FGIC Corp. affiliate.** |
| **Dana Skelton**<br>**5908 Liebig Avenue**<br>**Bronx, NY 10471**<br>    **Former employee of affiliate** | **1/31/10** | **FGIC Corp. granted Dana Skelton 9 restricted share units of FGIC Corp. common stock as compensation for services performed as an employee of a FGIC Corp. affiliate.** |
| **Timothy Tattam**<br>**Financial Guaranty Ins. Co.**<br>**125 Park Avenue**<br>**New York, NY 10017**<br>    **Current employee of affiliate** | **1/31/10** | **FGIC Corp. granted Timothy Tattam 15 restricted share units of FGIC Corp. common stock as compensation for services performed as an employee of a FGIC Corp. affiliate.** |
| **Timothy S. Travers**<br>**Financial Guaranty Ins. Co.**<br>**125 Park Avenue**<br>**New York, NY 10017**<br>    **Current officer of affiliate** | **1/31/10** | **FGIC Corp. granted Timothy Travers 38 restricted share units of FGIC Corp. common stock as compensation for services performed as an officer and employee of a FGIC Corp. affiliate.** |
| **A. Edward Turi, III**<br>**FGIC Corporation**<br>**125 Park Avenue**<br>**New York, NY 10017**<br>    **Current officer** | **1/31/10** | **FGIC Corp. granted A. Edward Turi III 24 restricted share units of FGIC Corp. common stock as compensation for services performed as an officer of FGIC Corp. and an officer and employee of FGIC Corp. affiliates.** |

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Emanuel Acosta**<br>**Financial Guaranty Ins. Co.**<br>**125 Park Avenue**<br>**New York, NY 10017**<br>   **Current employee of affiliate** | **1/31/10** | **FGIC Corp. granted Emanuel Acosta 9 restricted share units of FGIC Corp. common stock as compensation for services performed as an employee of a FGIC Corp. affiliate.** |
| **Thomas Adams**<br>**53 N. Moore St. 2C**<br>**New York, NY 10013**<br>   **Former officer of affiliate** | **1/31/10** | **FGIC Corp. granted Thomas Adams 26 restricted share units of FGIC Corp. common stock as compensation for services performed as an officer and employee of a FGIC Corp. affiliate.** |
| **Thomas C. Wajnert**<br>**125 Park Avenue**<br>**New York, NY 10017**<br>   **Current director of FGIC Corp.** | **1/31/2010** | **FGIC Corp. granted Thomas C. Wajnert 2459 restricted share units of FGIC Corp. common stock as compensation for services performed as a director of FGIC Corp.** |
| **Ann Kaplan**<br>**Circle Financial Group, LLC**<br>**650 Madison Ave., 17th Fl.**<br>**New York, NY 10022**<br>   **Former director of FGIC Corp.** | **1/31/2010** | **FGIC Corp. granted Ann Kaplan 983 restricted share units of FGIC Corp. common stock as compensation for services performed as a former director of FGIC Corp.** |
| **Nicholas Jones**<br>**9 Cardigan Mansions**<br>**19 Richmond Hill**<br>**Richmond, Surrey UK TW10 6RD**<br>   **Former director of FGIC Corp. affiliate** | **1/31/2010** | **FGIC Corp. granted Nicholas Jones 327 restricted share units of FGIC Corp. common stock as compensation for services performed as a former director of a FGIC Corp. affiliate.** |
| **Howard C. Pfeffer**<br>**125 East Broadway, Unit #409**<br>**Long Beach, NY 11561**<br>   **Former director and officer** | **2/9/10** | **FGIC Corp. granted Howard C. Pfeffer 54 restricted share units of FGIC Corp. common stock as compensation for services performed as a director and officer of FGIC Corp. and a director, officer and employee of FGIC Corp. affiliates.** |
| **Frank J. Bivona**<br>**822 Scioto Dr.**<br>**Franklin Lakes, NJ 07417**<br>   **Former director and officer** | **2/9/10** | **FGIC Corp. granted Frank J. Bivona 193 restricted share units of FGIC Corp. common stock as compensation for services performed as a director and officer of FGIC Corp. and as a director, officer and employee of FGIC Corp. affiliates.** |

None   b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled
■     trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11. Closed financial accounts

None   List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or
■     otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other
      financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds,
      cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must
      include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed,
      unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13. Setoffs**

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

**14. Property held for another person**

None
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

**15. Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

| None ■ | b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice. |
|---|---|

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

| None ■ | c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number. |
|---|---|

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None ☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Financial Guaranty Ins. Co.** | **6474** | **125 Park Avenue New York, NY 10017** | **Financial guaranty insurance company** | **1983-Present** |
| **FGIC Financial Services LLC** | **6474** | **125 Park Avenue New York, NY 10017** | **Uncapitalized, non-operational LLC organized under Delaware law** | **2005-2010** |
| **FGIC (Australia) Pty Limited** | **6474** | **c/o Rehana Box 225 George Street Sydney NSW 2000, Australia** | **Arranger (under Australian law) of issuance of financial guaranty products by FGIC.** | **2007-Present** |

| None ■ | b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101. |
|---|---|

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None ☐ a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Nick Santoro**<br>**FGIC Corporation**<br>**125 Park Avenue**<br>**New York, NY 10017** | **FY 2008 & 2009** |

None ☐ b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| **Ernst & Young LLP** | **Attn: Lori Okun**<br>**5 Times Square**<br>**New York, NY 10036** | **FY 2008 & 2009** |

None ☐ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| **Nick Santoro** | **FGIC Corporation**<br>**125 Park Avenue**<br>**New York, NY 10017** |
| **Ernst & Young LLP** | **Attn: Lori Okun**<br>**5 Times Square**<br>**New York, NY 10036** |

None ☐ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **The Bank of New York Mellon**<br>**Indenture Trustee**<br>**101 Barclay Street, 21st Floor**<br>**New York, NY 10286** | **FY 2008 and 2009** |
| **JP Morgan Chase, NA**<br>**Administrative Agent**<br>**277 Park Avenue, 8th Floor**<br>**New York, NY 10017** | **FY 2008 and 2009** |
| **GE Funding Holdings**<br>**201 Merritt 7**<br>**Norwalk, CT 06851-5201** | **FY 2008 and 2009** |
| **Wilmington Trust FSB**<br>**Successor Indenture Trustee**<br>**166 Mercer Street, Suite 2-R**<br>**New York, NY 10012** | **FY 2009** |

**20. Inventories**

None ■ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|

None
■  b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
| --- | --- |

---

**21 . Current Partners, Officers, Directors and Shareholders**

None
■  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
| --- | --- | --- |

None
☐  b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
| --- | --- | --- |
| **John S. Dubel**<br>**FGIC Corporation**<br>**125 Park Avenue**<br>**New York, NY 10017** | **Chief Executive Officer, Director** | |
| **A. Edward Turi, III**<br>**FGIC Corporation**<br>**125 Park Avenue**<br>**New York, NY 10017** | **Executive Vice President and General Counsel** | |
| **Nick Santoro**<br>**FGIC Corporation**<br>**125 Park Avenue**<br>**New York, NY 10017** | **Senior Vice President, Chief Financial Officer and Assistant Treasurer** | |
| **John F. Donohoe**<br>**FGIC Corporation**<br>**125 Park Avenue**<br>**New York, NY 10017** | **Vice President and Treasurer** | |
| **Carolanne Gardner**<br>**FGIC Corporation**<br>**125 Park Avenue**<br>**New York, NY 10017** | **Vice President and Secretary** | |
| **Steven P. Natko**<br>**FGIC Corporation**<br>**125 Park Avenue**<br>**New York, NY 10017** | **Vice President and Assistant Secretary** | |
| **Robert L. Friedman**<br>**The Blackstone Group**<br>**345 Park Avenue, 31st Floor**<br>**New York, NY 10154** | **Director** | |
| **Daniel G. Helle**<br>**CIVC Partners, L.P.**<br>**191 N. Wacker Dr., Ste 1100**<br>**Chicago, IL 60606** | **Director** | |
| **Robert B. Holland**<br>**291 Turtle Creek Blvd., Ste 925**<br>**Dallas, TX 75219** | **Director** | |
| **Jeffrey P. Hughes**<br>**Cypress Advisors, Inc.**<br>**437 Madison Avenue, 33rd Floor**<br>**New York, NY 10022** | **Director** | |

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **Chetan Mehta**<br>**The Blackstone Group**<br>**345 Park Avenue, 31st Floor**<br>**New York, NY 10154** | **Director** | |
| **Joseph E. Parzick**<br>**Cypress Advisors, Inc.**<br>**437 Madison Avenue, 33rd Floor**<br>**New York, NY 10022** | **Director** | |
| **Thomas C. Wajnert**<br>**Thomas C. Wajnert and Assocs.**<br>**P.O. Box 37**<br>**Calistoga, CA 94515** | **Director** | |
| **GE Funding Holdings**<br>**201 Merritt 7**<br>**Norwalk, CT 06851-5201** | | **100% of preferred equity; 7.7% of common stock** |
| **The Blackstone Group LP (via affiliates)**<br>**Attn.: Robert L. Friedman**<br>**345 Park Avenue, 31st Floor**<br>**New York, NY 10154** | | **39.5% of common stock** |
| **The Cypress Group LLC (via affiliates)**<br>**Attn.: Jeffrey P. Hughes**<br>**437 Madison Avenue, 33rd Floor**<br>**New York, NY 10022** | | **39.5% of common stock** |
| **CIVC Partners LP (via affiliates)**<br>**Attn.: Daniel G. Helle**<br>**191 N. Wacker Dr., Ste. 1100**<br>**Chicago, IL 60606** | | **12.0% of common stock** |

**22 . Former partners, officers, directors and shareholders**

None
■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None
☐    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| **David M. Dowden**<br>**32 Strauss Drive**<br>**Shrewsbury, NJ 07702** | **Vice President and Chief Investment Officer** | **9/9/2009** |
| **Ann F. Kaplan**<br>**Circle Financial Group, LLC**<br>**650 Madison Ave., 17th Fl.**<br>**New York, NY 10022** | **Director** | **12/31/2009** |
| **Bonita Z. Dorland**<br>**The PMI Group, Inc.**<br>**755 Park Avenue**<br>**New York, NY 10021** | **Director** | **7/29/2010** |
| **Donald P. Lofe, Jr.**<br>**The PMI Group, Inc.**<br>**3003 Oak Road**<br>**Walnut Creek, CA 94597-2098** | **Director** | **7/29/2010** |

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| **Patrick Mathis**<br>**The PMI Group, Inc.**<br>**3003 Oak Road**<br>**Walnut Creek, CA 94597-2098** | **Director** | **7/29/2010** |
| **Eli Nagler**<br>**One Western Avenue**<br>**Apartment 811**<br>**Boston, MA 02163** | **Director** | **6/8/2010** |
| **Dario Nolasco**<br>**The PMI Group, Inc.**<br>**341 Manley Heights Rd.**<br>**Orange, CT 06477** | **Director** | **7/29/2010** |
| **L. Stephen Smith**<br>**The PMI Group, Inc.**<br>**3003 Oak Road**<br>**Walnut Creek, CA 94597-2098** | **Director** | **7/29/2010** |

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None
■
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS<br>OF RECIPIENT,<br>RELATIONSHIP TO DEBTOR | DATE AND PURPOSE<br>OF WITHDRAWAL | AMOUNT OF MONEY<br>OR DESCRIPTION AND<br>VALUE OF PROPERTY |
|---|---|---|

---

**24. Tax Consolidation Group.**

None
☐
If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|
| **FGIC Corporation** | **13-3176474** |

---

**25. Pension Funds.**

None
■
If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                    TAXPAYER IDENTIFICATION NUMBER (EIN)

---

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____          Signature _____

                                        John S. Dubel
                                        Chief Executive Officer

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*