MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Anthony Princi
David Capucilli
John A. Pintarelli

*Proposed Attorneys for the Official Committee*
*of Unsecured Creditors of FGIC Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| FGIC CORPORATION, | ) | 10-14215 (SMB) |
| | ) | |
| Debtor | ) | |
| | ) | |

**NOTICE OF APPLICATION PURSUANT TO SECTIONS 327(a) AND 1103 OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULES 2014 AND 2016 FOR ENTRY OF
AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
MORRISON & FOERSTER LLP AS ATTORNEYS TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS *NUNC PRO TUNC* TO SEPTEMBER 7, 2010**

    **PLEASE TAKE NOTICE**, that the Official Committee of Unsecured Creditors (the

"Committee") of FGIC Corporation in the above-captioned chapter 11 case, as debtor and debtor

in possession filed an Application Pursuant To Sections 327(a) and 1103 of the Bankruptcy Code

and Bankruptcy Rules 2014 and 2016 for Entry of an Order Authorizing the Retention and

Employment of Morrison & Foerster, LLP as Attorneys to the Official Committee of Unsecured

Creditors *Nunc Pro Tunc* to September 7, 2010 (the "Application").

    **PLEASE TAKE FURTHER NOTICE** that a hearing will be held in connection with

the Application (the "Hearing") on **October 7, 2010 at 10:00 a.m. (prevailing Eastern time)**

before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Alexander

Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 723.

PLEASE TAKE FURTHER NOTICE THAT responses or objections, if any, to the

Application and the relief requested therein must be made in writing, conform to the Federal

Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Bankruptcy Court, set

forth the basis for the objection and the specific grounds therefor, and be filed with the

Bankruptcy Court electronically in accordance with General Order M-242, as amended by

General Order M-269, by registered users of the Court's electronic case filing system (the User's

manual for the Electronic case Filing System can be found at www.nysb.uscourts.gov, the

official website for the Bankruptcy Court), with a hard copy delivered directly to Chambers and

served in accordance with General Order M-242 or by first-class mail upon each of the

following: (i) counsel to the Committee, Morrison & Foerster LLP, 1290 Avenue of the

Americas, New York, New York 10104, Attention: Anthony Princi, Esq.; (ii) the Office of the

United States Trustee for the Southern District of New York, 33 Whitehall Street, New York,

New York 10004, Attention: Andrea B. Schwartz, Esq.; (iii) FGIC Corporation, 125 Park

Avenue, New York, New York 10017; (iv) counsel to the Debtor, Kirkland & Ellis LLP, 601

Lexington Avenue, New York, New York 10022, Attention: Brian S. Lennon; and (v) all parties

that have, pursuant to Bankruptcy Rule 2002, formally appeared and requested service, so as to

be received on or before **4:00 p.m. (prevailing Eastern time) on October 1, 2010**, or such

shorter time as the Bankruptcy Court may hereafter order and of which you may receive

subsequent notice.

PLEASE TAKE FURTHER NOTICE that if you do not timely file and serve a written

objection to the relief requested in the Application, the Bankruptcy Court may deem any

opposition waived, treat the Application as conceded, and enter an order granting the relief

requested in the Application without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE THAT** a copy of the Application may be

obtained for a fee via PACER at http://www.nysb.uscourts.gov.

Dated: New York, New York
      September 15, 2010

                    MORRISON & FOERSTER LLP

            By:    /s/ Anthony Princi            
                    Anthony Princi
                    David Capucilli
                    John A. Pintarelli
                    MORRISON & FOERSTER LLP
                    1290 Avenue of the Americas
                    New York, New York 10104
                    Telephone: (212) 468-8000
                    Facsimile: (212) 468-7900

                    *Proposed Attorneys for the Official*
                    *Committee of Unsecured Creditors of FGIC*
                    *Corporation*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Anthony Princi
David Capucilli
John A. Pintarelli

*Proposed Attorneys for the Official Committee*
*of Unsecured Creditors of FGIC Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| FGIC Corporation, | ) | 10-14215 (SMB) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**APPLICATION PURSUANT TO SECTIONS 327(a) AND 1103 OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULES 2014 AND 2016 FOR ENTRY OF AN ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT OF MORRISON &
FOERSTER LLP AS ATTORNEYS TO THE OFFICIAL COMMITTEE OF
<u>UNSECURED CREDITORS *NUNC PRO TUNC* TO SEPTEMBER 7, 2010</u>**

The Official Committee of Unsecured Creditors (the "Committee") of FGIC Corporation

in the above-captioned chapter 11 case, as debtor and debtor in possession, by Adam K. Berman

of Wilmington Trust FSB, Chairperson of the Committee, hereby submits this application (the

"Application") pursuant to sections 327(a) and 1103 of the Bankruptcy Code and Bankruptcy

Rules 2014 and 2016 for entry of an order authorizing the retention and employment of Morrison

& Foerster LLP ("Morrison & Foerster" or the "Firm") as attorneys to the Committee, *nunc pro*

*tunc* to September 7, 2010.  In support of the Application, the Committee respectfully represents

as follows:

ny-940673

## JURISDICTION, VENUE AND STATUTORY PREDICATE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief requested herein are section 327(a) of title 11, United States Code, 11 U.S.C. §§101-1532, as amended (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

## BACKGROUND

### A.      The Chapter 11 Cases

2.      On August 3, 2010 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing the above captioned Chapter 11 case.

3.      The Debtor continues to operate its businesses and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On September 7, 2010, the United States Trustee for the Southern District of New York (the "United States Trustee") appointed the three (3) member Committee pursuant to section 1102(a)(1) of the Bankruptcy Code, consists of the following members:  Wilmington Trust FSB ("Wilmington Trust"), The Mangrove Partners Fund, LP and MBIA Inc.  On that same date, the Committee selected Morrison & Foerster to serve as its counsel.

5.      On September 8, 2010, MBIA Inc. resigned from the Committee.

6.      On September 13, 2010, the United States Trustee filed an amended notice appointing Wilmington Trust and The Mangrove Partners Fund, LP as the members of the Committee.

7.     The Committee has selected Wilmington Trust as its Chairperson.

8.     No trustee or examiner has been requested or appointed in the Debtor's Chapter 11 case.

## **RELIEF REQUESTED**

9.     Subject to this Court's approval, the Committee seeks to employ Morrison & Foerster as its general bankruptcy counsel in connection with the commencement and prosecution of this Chapter 11 case and all related matters, *nunc pro tunc* to September 7, 2010. Pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, the Committee respectfully requests that the Court enter an order authorizing the Committee to employ and retain Morrison & Foerster as their attorneys to perform the legal services that will be necessary during this Chapter 11 case.

10.    Additional facts in support of the specific relief sought herein are set forth in the *Affidavit of Anthony Princi* (the "Princi Affidavit"), attached hereto as <u>Exhibit B</u>, as well as below.

11.    Morrison & Foerster has extensive experience and knowledge in the field of debtors' and creditors' rights, business reorganizations and liquidations under Chapter 11 of the Bankruptcy Code.  The Committee believes this knowledge and experience makes Morrison & Foerster well qualified to act as the Committee's general bankruptcy counsel during the pendency of this Chapter 11 case.

### A.     <u>Services to be Provided</u>

12.    The Committee anticipates that Morrison & Foerster will, in connection with this Chapter 11 case and subject to orders of this Court, provide a range of services to the Committee, including but not limited to:

(a)     assist and advise the Committee in its consultation with the Debtor relative to the administration of this case;

(b)     attend meetings and negotiate with the representatives of the Debtor;

(c)     assist and advise the Committee in its examination and analysis of the conduct of the Debtor's affairs;

(d)     assist the Committee in the review, analysis and negotiation of any plan(s) of reorganization that may be filed and to assist the Committee in the review, analysis and negotiation of the disclosure statement accompanying any plan(s) of reorganization;

(e)     take all necessary action to protect and preserve the interests of the Committee and general unsecured creditors, including (i) the investigation and possible prosecution of actions on their behalf, (ii) if appropriate, negotiations concerning all litigation in which the Debtor is involved; and (iii) if appropriate, review and analysis of claims filed against the Debtor's estates;

(f)     generally prepare on behalf of the Committee all necessary motions, applications, answers, orders, reports and papers in support of positions taken by the Committee;

(g)     appear, as appropriate, before this Court, the Appellate Courts, and the United States Trustee, and protect the interests of the Committee before those courts and before the United States Trustee; and

(h)     perform all other necessary legal services in this case.

## B.     **Professional Compensation**

13.     Morrison & Foerster intends to apply for compensation for professional services rendered in connection with this Chapter 11 case, subject to the Court's approval, and in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Rules, the fee guidelines established by the Executive Office of the United States Trustee and the Court's Orders, plus seek reimbursement of actual, necessary expenses and other charges that Morrison & Foerster incurs.

14.     Morrison & Foerster proposes to charge the Committee its standard rates for the services to be performed herein, subject to such agreements set forth herein.  Morrison &

Foerster's hourly rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. These hourly rates are subject to periodic adjustment to reflect economic and other conditions and are consistent with the rates charged elsewhere.[1] In particular, Morrison & Foerster's hourly rates for matters implicated in this Chapter 11 case range as follows:

(a)  the hourly rates for partners range from $600 per hour to $995 per hour, based upon a variety of factors, including seniority and distinction and expertise in one's field;

(b)  the hourly rates for "of counsel" range from $395 per hour to $875 per hour;

(c)  the hourly rates for associates range from $295 per hour to $640 per hour, based upon year of graduation from law school; and

(d)  the hourly rates for paraprofessionals range from $165 per hour to $270 per hour.

15.  The Committee believes that these rates, and the terms and conditions of Morrison & Foerster's employment, are reasonable.

16.  The following professionals at Morrison & Foerster are presently expected to have primary responsibility for providing services to the Committee in this Chapter 11 case:

| | | |
|---|---|---|
| Anthony Princi | Bankruptcy Partner | $900 |
| Thomas J. Humphreys | Corporate/Tax Partner | $995 |
| David Capucilli | Bankruptcy Associate | $610 |
| John Pintarelli | Bankruptcy Associate | $560 |
| Douglas Keeton | Paraprofessional | $195 |

17.  As this Chapter 11 case proceeds, Morrison & Foerster's representation of the Committee may require the active participation of attorneys and paraprofessionals from other departments. To the fullest extent possible, attorneys having the requisite expertise who already

---

[1] In the event the hourly rates set forth herein are adjusted during the pendency of this Chapter 11 case, Morrison & Foerster will file a statement regarding any increases in rates with the Bankruptcy Court, and will serve it on the United States Trustee and the Debtor.

have knowledge with respect to these areas and/or the matters involved will be assigned to this case so that duplication of effort is avoided.

18.     Morrison & Foerster will also be reimbursed, subject to the Court's approval, for all actual out-of-pocket expenses incurred by Morrison & Foerster on the Committee's behalf, such as copying, long distance telephone, travel expenses, overnight courier expenses, computer research and other disbursements, as more fully set forth in the Princi Affidavit.  All requests for reimbursement of expenses will be consistent with guidelines established by the Bankruptcy Court and/or the Executive Office of the United States Trustee.

19.     Morrison & Foerster advised the Committee that no promises were received by Morrison & Foerster, any partner, any attorney who is "of counsel" to Morrison & Foerster, or any associate of Morrison & Foerster, as to compensation in connection with this Chapter 11 case, other than in accordance with the provisions of the Bankruptcy Code.  Morrison & Foerster has also advised the Committee that neither Morrison & Foerster, nor any partner of Morrison & Foerster, any attorney who is "of counsel" to Morrison & Foerster, or any associate of Morrison & Foerster, has any agreement with any other entity to share with such entity any compensation received by Morrison & Foerster in connection with this case.

## C.     Morrison & Foerster's Disinterestedness

20.     To the best of the Committee's knowledge, Morrison & Foerster does not hold or represent any interest adverse to the Debtor's estates and, except as disclosed in the Princi Affidavit, does not have any "connections" to the Debtor's creditors, affiliates, other parties in interest and potential parties in interest, the Assistant United States Trustees for the Southern District of New York and attorneys employed by such office, or any judge in the United States Bankruptcy Court for the Southern District of New York.  Accordingly, Morrison & Foerster is a

"disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code (as modified by section 1107(b) of the Bankruptcy Code). To the extent that Morrison & Foerster is determined to have a conflict with respect to a particular client or matter, the Committee will utilize separate conflicts counsel.

21. The Committee believes that the employment of Morrison & Foerster is necessary, in the best interests of the Debtor's estates, and will enable the Committee to carry out its fiduciary duties owed to creditors under the Bankruptcy Code.

22. As set forth in the Princi Affidavit, Morrison & Foerster has represented, currently represents and will likely in the future represent certain parties in interest or potential parties in interest in this Chapter 11 case in matters unrelated to the Debtor, the Chapter 11 case, or such entities' claims against the Debtor, and as part of its customary practice, Morrison & Foerster is retained in cases, proceedings, and transactions involving many different parties throughout the United States and worldwide, some of whom may represent or be employed by the Debtor, claimants, and parties in interest in this Chapter 11 case.

23. Pursuant to section 327(c) of the Bankruptcy Code, Morrison & Foerster is not disqualified from acting as the Committee's counsel merely because it previously represented or currently represents the Debtor's creditors, or other parties in interest in matters unrelated to the Debtor or this Chapter 11 case.

24. Morrison & Foerster has advised the Committee that it will periodically review its files during the pendency of this Chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise and if any new relevant facts or relationships are discovered or arise, Morrison & Foerster will use reasonable efforts to identify such further developments by filing a supplemental affidavit.

25.     Therefore, the relief requested in the Application is appropriate and should be granted by this Court.

## NOTICE

26.     Notice of this Application has been provided by first-class mail, postage pre-paid to:  (a) the Office of the United States Trustee for the Southern District of New York; (b) the Debtor; (c) Kirkland & Ellis LLP, counsel to the Debtor; and (d) all parties that have, pursuant to Bankruptcy Rule 2002, formally appeared and requested service.  In light of the nature of the relief requested, the Committee submits that no other or further notice is necessary.

## NO PRIOR REQUEST

27.     No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Committee respectfully requests that the Court:  (a) enter an order substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief as the Court may deem just and proper.

Dated: September 15, 2010

Respectfully submitted,

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF FGIC
CORPORATION

By: /s/ Adam K. Berman

Name: Adam K. Berman
Title:   Vice President
           Wilmington Trust FSB

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| FGIC Corporation | ) | 10-14215 (SMB) |
|  | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

### ORDER PURSUANT TO SECTIONS 327(a) AND 1103 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2014 AND 2016 AUTHORIZING THE RETENTION AND EMPLOYMENT OF MORRISON & FOERSTER LLP AS ATTORNEYS TO THE OFFICIAL COMMITTEE OF UNSECURED <u>CREDITORS *NUNC PRO TUNC* TO SEPTEMBER 7, 2010</u>

Upon the application, dated September 15, 2010, of the Official Committee of Unsecured Creditors (the "Committee") of FGIC Corporation  in the above-captioned chapter 11 case, as debtor and debtor in possession, pursuant to sections 327(a) and 1103 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016, for entry of an order authorizing the Committee to employ and retain the law firm of Morrison & Foerster LLP ("Morrison & Foerster") as its attorneys *nunc pro tunc* to September 7, 2010 (the "Application");[1] and the Committee having submitted the Princi Affidavit in support of the Application; and the Court being satisfied based on the representations made in the Application and the Princi Affidavit that the partners, "of counsel", associates and paraprofessionals of Morrison & Foerster who will be engaged in this Chapter 11 case represent no interest adverse to the Debtor's estates with respect to the matters upon which Morrison & Foerster is to be engaged, and that they are disinterested persons, as that term is defined under section 101(14) of the Bankruptcy Code, (as modified by section 1107(b) of the Bankruptcy Code); and having considered the statements of counsel and the evidence adduced

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

with respect to the Application at a hearing before the Court (the "Hearing"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it further appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it further appearing that notice of the Application as set forth therein is sufficient under the circumstances, and that no further notice need be provided; and it further appearing that the relief requested in the Application is in the best interests of the Debtor, its estate and its creditors; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED, that pursuant to sections 327(a) and 1103 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016, and subject to the terms of this Order, the Committee is authorized to employ and retain Morrison & Foerster as its attorneys on the terms set forth in the Application and the Princi Affidavit, *nunc pro tunc* to September 7, 2010, to perform the services described therein; and it is further

ORDERED, that Morrison & Foerster shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, Local Rules, the guidelines established by the Executive Office of the United States Trustee, and such other procedures as may be fixed by order of this Court; and it is further

ORDERED that if at any time Morrison & Foerster increases the rates for its services, Morrison & Foerster will cause a notice to be filed with this Court setting forth the increase in such rates and serve such notice upon the Office of the United States Trustee and the Debtor; and it is further

ORDERED, that the Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application; and it is further

ORDERED, that the Court retains jurisdiction with respect to all matters arising from or

2

related to the implementation of this Order.


Dated: _____, 2010
      New York, New York


_____
The Honorable Stuart M. Bernstein
United States Bankruptcy Judge

**Exhibit B**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Anthony Princi
David Capucilli
John A. Pintarelli

*Proposed Attorneys for the Official Committee*
*of Unsecured Creditors of FGIC Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| FGIC Corporation | ) | 10-14215 (SMB) |
| | ) | |
| Debtor | ) | |
| | ) | |

**AFFIDAVIT OF ANTHONY PRINCI IN SUPPORT OF**
**APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 327(a) AND**
**1103 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2014 AND 2016**
**AUTHORIZING THE RETENTION AND EMPLOYMENT OF MORRISON &**
**FOERSTER LLP AS ATTORNEYS TO THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS <u>*NUNC PRO TUNC*</u> TO SEPTEMBER 7, 2010**

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss.: |
| COUNTY OF NEW YORK | ) |

I, Anthony Princi, being duly sworn, state the following under penalty of perjury.

1.      I am a partner in the law firm of Morrison & Foerster LLP ("Morrison &

Foerster" or the "Firm").  The Firm maintains offices for the practice of law, among other

locations in the United States and worldwide, at 1290 Avenue of the Americas, New York, New

York 10104.  I am an attorney duly admitted and in good standing to practice before the Courts

of the State of New York, the State of Florida, the United States District Courts for the Southern,

Northern and Eastern Districts of New York and the United States Courts of Appeal for the Second and Ninth Circuits.

2.       I submit this Affidavit (the "Affidavit") in support of the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of FGIC Corporation in the above-captioned chapter 11 case, as debtor and debtor in possession pursuant to sections 327(a) and 1103 of title 11, United States Code, as amended (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), for entry of an order authorizing the retention and employment of Morrison & Foerster as attorneys to the Committee *nunc pro tunc* to September 7, 2010.  Except as otherwise indicated, the facts set forth in this Affidavit are personally known to me and, if called as a witness, I could and would testify thereto.

**Services to be Provided**

3.       Morrison & Foerster has extensive experience and knowledge in the field of debtors' and creditors' rights, business reorganizations and liquidations under Chapter 11 of the Bankruptcy Code.

4.       In connection with this Chapter 11 case, the Committee has requested court authorization to retain Morrison & Foerster as attorneys for the Committee to advise the Committee with respect to the following matters:

>    (a)  assist and advise the Committee in its consultation with the Debtor relative to the administration of this case;
>
>    (b)  attend meetings and negotiate with the representatives of the Debtor;
>
>    (c)  assist and advise the Committee in its examination and analysis of the conduct of the Debtor's affairs;

(d) assist the Committee in the review, analysis and negotiation of any plan(s) of reorganization that may be filed and to assist the Committee in the review, analysis and negotiation of the disclosure statement accompanying any plan(s) of reorganization;

(e) take all necessary action to protect and preserve the interests of the Committee and general unsecured creditors, including (i) the investigation and possible prosecution of actions on their behalf, (ii) if appropriate, negotiations concerning all litigation in which the Debtor is involved; and (iii) if appropriate, review and analysis of claims filed against the Debtor's estates;

(f) generally prepare on behalf of the Committee all necessary motions, applications, answers, orders, reports and papers in support of positions taken by the Committee;

(g) appear, as appropriate, before this Court, the Appellate Courts, and the United States Trustee, and protect the interests of the Committee before those courts and before the United States Trustee; and

(h) perform all other necessary legal services in this case.

## Professional Compensation

5.     In connection with its representation of the Committee, Morrison & Foerster will use its standard hourly rates in effect at the time that it performs professional services, subject to such agreements set forth herein.  As of the date of execution of this Affidavit, the ranges of Morrison & Foerster's hourly rates are as follows:

- the hourly rates for partners range from $600 per hour to $995 per hour, based upon a variety of factors, including seniority and distinction and expertise in one's field;

- the hourly rates for "of counsel" range from $395 per hour to $875 per hour;

- the hourly rates for associates range from $295 per hour to $640 per hour, based upon year of graduation from law school; and

- the hourly rates for paraprofessionals range from $165 per hour to $270 per hour.

6.     Morrison & Foerster's hourly rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.  These hourly rates are subject to periodic adjustment to reflect economic

4

and other conditions and are consistent with the rates charged elsewhere.[1]  I believe that these

rates, and the terms and conditions of Morrison & Foerster's employment, are reasonable.

7.     The Morrison & Foerster attorneys and legal staff who are likely to perform the

significant services in the above-captioned case and the hourly rates attributable to their work,

effective as of the date of this Affidavit, are as follows:

| | | |
|---|---|---|
| Anthony Princi | Bankruptcy Partner | $900 |
| Thomas A. Humphreys | Corporate/Tax Partner | $995 |
| David Capucilli | Bankruptcy Associate | $610 |
| John A. Pintarelli | Bankruptcy Associate | $560 |
| Douglas Keeton | Paraprofessional | $195 |

8.     As this Chapter 11 case proceeds, Morrison & Foerster's representation of the

Committee may require the active participation of attorneys and paraprofessionals from other

departments, in addition to the attorneys and paraprofessionals assigned to this case and listed

above.  To the fullest extent possible, attorneys having the requisite expertise who already have

knowledge with respect to these areas and/or the matters involved will be assigned to this case so

that duplication of effort is avoided.  Consistent with the ranges of hourly rates described above,

the hourly rates of the other partners, "of counsel," associates and paraprofessionals that

hereafter may act for the Committee may be higher or lower than those of the persons listed

above.

9.     In addition to the hourly rates set forth above, Morrison & Foerster customarily

charges its clients for all reimbursable expenses incurred, including photocopying charges, long

distance telephone calls, facsimile transmissions, messengers, courier mail, overtime meals,

overtime and late night transportation, travel, lodging, meal charges for business meetings,

---

[1]  In the event the hourly rates set forth herein are adjusted during the pendency of this Chapter 11 case, Morrison & Foerster will provide the Bankruptcy Court and the Office of the United States Trustee with written notice of such new hourly rates.

postage, printing, transcripts, filing fees, computer research and similar items. Subject to this Court's order(s) with respect to the reimbursement of expenses, Morrison & Foerster will be seeking reimbursement of all such charges incurred on behalf of the Committee.

10. No promises have been received by Morrison & Foerster, nor any partner, any attorney who is "of counsel" to Morrison & Foerster, or any associate of Morrison & Foerster, as to compensation in connection with this Chapter 11 case other than in accordance with the provisions of the Bankruptcy Code. Neither Morrison & Foerster, nor any partner of Morrison & Foerster, any attorney who is "of counsel" to Morrison & Foerster or any associate of Morrison & Foerster, has any agreement with any other entity to share with such entity any compensation received by Morrison & Foerster in connection with this case.

11. Morrison & Foerster intends to maintain detailed, contemporaneous time records and to submit fee applications to this Court for compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines set forth by the Executive Office of the United States Trustee and any additional procedures that may be established by the Court in this Chapter 11 case. Morrison & Foerster understands that interim and final fee awards are subject to approval by this Court, and Morrison & Foerster has agreed to accept as compensation such sums as may be allowed by this Court.

### Disinterestedness and Disclosure of Connections

12. In order to ascertain Morrison & Foerster's "connections," as that term is used in Bankruptcy Rule 2014, with the Debtor, the Debtor's creditors, and other parties in interest in this Chapter 11 case, Morrison & Foerster's new business department, under the supervision of attorneys in the Bankruptcy & Restructuring Department, conducted an internal search to

identify any "connections" with any creditors and parties in interest as of the Petition Date, as set forth on Appendix 1 hereto (collectively, the "Interested Parties"). This internal inquiry regarding the Interested Parties was performed by Morrison and Foerster's new business department consistent with its normal and customary practices using Morrison & Foerster's conflict database to determine if Morrison & Foerster currently represents or formerly represented any of the Interested Parties. As set forth on Appendix 1, the following is a list of the categories of Interested Parties that Morrison & Foerster has searched to date:

(a) Members of the Committee

(b) The Debtor and Affiliated Entities

(c) The Debtor's Officers and Directors

(d) Lenders

(e) Significant Debtholders

(f) Shareholders Holding Significant Equity Interests

(g) The Debtor's Professionals

(h) United States Bankruptcy Judges in the Southern District of New York

(i) United States Trustee for the Southern District of New York (and Assistant United States Trustees and Trial Attorneys)

(j) Other Interested Parties

13.     Morrison & Foerster searched the names of the Interested Parties in a computer system containing the names of current and former clients of Morrison & Foerster. This search revealed that certain Interested Parties are or may be current or former Morrison & Foerster clients, as identified on the list attached to this Affidavit as Appendix 2. None of the current and former clients listed on Appendix 2, other than Bank of America, represented one percent (1%) or more of Morrison & Foerster's client billings for the 2009 fiscal year. For fiscal year 2009, Bank of America generated approximately 2.7% of client billings.

14.     Based on the results of this search, and through direct inquiries with Morrison & Foerster attorneys as necessary, it was determined that the representation of the Interested Parties disclosed on Appendix 2 hereto concerned matters in which such clients were not adverse to the Debtor or the Debtor's estates.

15.     The status of entities listed as Interested Parties on Appendix 1 may have changed or could change during the pendency of this Chapter 11 case without our knowledge.  Morrison & Foerster will periodically review its files during the pendency of this Chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Morrison & Foerster will use reasonable efforts to identify such further developments and will promptly file a supplemental affidavit, as required by Bankruptcy Rule 2014(a).

### Specific Disclosures

16.     Morrison & Foerster does not hold or represent any interest adverse to the Debtor's estates and, except as disclosed below, does not have any "connections" to the Debtor's creditors, affiliates, other parties in interest and potential parties in interest, the Assistant United States Trustees for the Southern District of New York and attorneys employed by such office, or any judge in the United States Bankruptcy Court for the Southern District of New York. Accordingly, Morrison & Foerster is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code (as modified by section 1107(b) of the Bankruptcy Code), and Morrison & Foerster's employment is necessary and in the best interests of the Debtor and the Debtor's estates.

17.     As specifically set forth below and in the attached appendices, Morrison & Foerster represents or has represented certain of the Debtor's creditors or other parties in interest

in matters unrelated to the Debtor and this Chapter 11 case; however, none of the representations described herein is materially adverse to the interests of the Debtor's estates.

18.	As part of its customary practice, Morrison & Foerster is retained in cases, proceedings, and transactions involving many different parties throughout the United States and worldwide, some of whom may represent or be employed by the Debtor, claimants, and parties in interest in this Chapter 11 case.

19.	Pursuant to section 327(c) of the Bankruptcy Code, Morrison & Foerster is not disqualified from acting as the Committee's counsel merely because it previously represented or currently represents the Debtor's creditors, or other parties in interest in matters unrelated to the Debtor or this Chapter 11 case, nor is it disqualified from its representation of the parties referenced in paragraph 20 below.  Collectively, such parties are identified in Appendix 2 to this Affidavit, and relationships with certain of those parties are described in further detail below.

20.	Specifically, Morrison & Foerster was retained by Venor Capital Management L.P., The Mangrove Partners Fund L.P. and Goldman Sachs & Co. on September 3, 2010, for the limited purpose of obtaining an extension of Venor Capital Management L.P., The Mangrove Partners Fund L.P. and Goldman Sachs & Co.'s time to object to the Debtor's Disclosure Statement. Upon obtaining such extension for these parties, Morrison and Foerster resigned from such representation.  Accordingly, at the time of formation of the Committee, Morrison & Foerster no longer represented Venor Capital Management L.P., The Mangrove Partners Fund L.P. and Goldman Sachs & Co.

21.	Morrison & Foerster has in the past represented Financial Guaranty Insurance Corp. ("FGIC"), an affiliate of the Debtor, in matters that are wholly unrelated to the Debtor or

this Chapter 11 case and which have been closed. Morrison & Foerster has not represented

FGIC for in the past nine (9) years on any matters. FGIC is not a debtor in this Chapter 11 case.

22.     Morrison & Foerster represents, and has in the past represented former

equityholder PMI Mortgage Insurance Co. in various matters unrelated to the Debtor or this

Chapter 11 case, including certain finance, regulatory and general corporate matters.

23.     Morrison & Foerster will not represent the Committee in an adversary proceeding

or other litigation against any current client of Morrison & Foerster without obtaining

appropriate waivers where necessary or appropriate. In addition, Morrison & Foerster will not

represent any client in any matter involving the Debtor or this Chapter 11 case while retained as

the Committee's counsel in this Chapter 11 case. Morrison & Foerster will notify the United

States Trustee and the Committee of any waivers it receives during the pendency of the Debtor's

bankruptcy case. If any matters arise with respect to which Morrison & Foerster cannot obtain a

necessary waiver, the Committee will retain conflicts counsel to represent the interests of the

unsecured creditors.

24.     To the extent the Committee seeks to retain additional professionals to represent

the Committee in any matters relating to this Chapter 11 case, Morrison & Foerster will make all

reasonable efforts not to duplicate the services rendered by these professionals.

[Remainder of Page Intentionally Left Blank]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 15, 2010       /s/ Anthony Princi_____
                Anthony Princi


Sworn to before me on this
15 day of September 2010

/s/ Chris Delson_____ _____
Notary Public, State of New York
No. 02DE6083229
Qualified in New York County
Commission Expires April 27, 2011

11

**FGIC CORPORATION**

<u>**LIST OF PARTIES IN INTEREST SEARCHED**</u>

Bank of America NA
Bank of New York
Bank of New York Mellon
Citibank NA
Deutsche AG New York Branch
Deutsche Bank AG
JP Morgan
JPMorgan Chase Bank NA
KeyBank NA
Merrill Lynch
Merrill Lynch Bank USA
US Bank NA
Bernstein, Stuart M.
Davis, Tracy Hope
Drain, Robert D.
Gasparini, Elisabetta
Gerber, Robert E.
Glenn, Martin
Golden, Susan
Gonzalez, Arthur J.
Gropper, Allan L.
Khodorovsky, Nazar
Lifland, Burton R.
Martin, Marylou
Masumoto, Brian S.
Morris, Cecelia G.
Morrissey, Richard C.
Nakano, Serene
Peck, James M.
Riffkin, Linda A.
Schwartz, Andrea
Schwartzberg, Paul K.
Velez-Rivera, Andy
Zipes, Greg M.
FGIC (Australia) Pty Limited
FGIC Corp.

FGIC Credit Products II LLC,

FGIC UK Ltd.

Financial Guaranty Insurance Co.

GCAC Credit Products LLC.

Grand Central Assurance Corporation

Wilmington Trust FSB

AEGON USA Investment Management Inc.

Banc of America Securities LLC

Barclays Bank PLC

Barclays Capital Inc.

Barclays Capital Inc. Fixed Income

BASL

BOA Securities Ltd.

Citibank-London

Citigroup Global Markets Inc.

DBAG London Global Market

Deutsche Asset Management

Deutsche Bank Securities Inc.

Euroclear Brussels

GE Asset Management Inc.

Goldman Sachs & Co.

JPMorgan Chase International

MBIA Corp.

Navy Mutual Aid Association

New York Life Insurance Co.

Nomura Capital Markets plc

Protective Life Corp.

Salomon Brothers

The Mangrove Partners Fund L.P.

Venor Capital Management L.P.

Adams, Thomas J.

Bivona, Frank J.

Blank, Donna J.

Chu, Chinh E.

Collard, Catherine

Degen, Ken

D'Imperio, Alessandra

Dorland, Bonita Z.

Dowden, David M.

Dubel, John S.

Finkel, Lynn

Fried, Jeffrey R.

Friedman, Robert L.

Gardner, Carolanne

Greiss, Jill B.

Guerra, Isabel

Haq, Salman

Heitz, Michael

Helle, Daniel G.

Holland, Robert B.

Hughes, Jeffrey P.

Jacquot, Thomas

Jones, Nick

Joyce, Martin R.

Kabaker, Matthew S.

Kaplan, Ann F.

Kegg, Laura

Kert,  Jeffrey

Kirchoff, Eileen L.

Lamm, Robert B.

Lofe, Donald P., Jr.

Mathis, Patrick

Mears, Alexander H.

Moore, Brian

Morrison, Paul

Nagler, Eli

Natko, Steven P.

Nolasco, Dario

Parzick, Joseph E.

Pfeffer, Howard C.

Philipps, Harold

Santoro, Nick

Shuster, Bradley M.

Siper, Brian

Slepian, Arthur S.

Smith, L. Stephen

Stanley, Harry

Travers, Timothy S.

Turi, A. Edward, III

Turner & Roulstone Secretaries Ltd. (Cayman Islands)

Vargas, Felix

Velins, Robert
Wajnert, Thomas C.
Woodroffe, Sean N.
Zucker, Carmen
Blackstone Advisory Partners
Bridge Associates
Broadridge
Cleary Gottlieb
Clifford Chance
Ernst & Young
Fried Frank
FTI Consulting
Global Bondholder Services
Hunton & Williams
Kirkland & Ellis
Moelis & Co.
Patterson Belknap Webb & Tyler LLP
PricewaterhouseCoopers
Raymond James
RR Donnelly
Seward & Kissel
Stroock & Stroock & Lavan
55th Street Partners II LP
Acosta, Emanuel
Blackstone Capital Partners IV A LP
Blackstone Capital Partners IV LP
Blackstone Family Investment Partnership IV-A LP
Bouwmeester, Florien
Cardinale, Peter
CIVC Partners Fund III LP
CIVC/FGIC Investment Co. LLC
Cure, Howard
Cypress FGIC Investors LLC
Cypress Merchant Banking II CV
Cypress Merchant Banking Partners II LP
Cypress Side by Side LLC
Daly, Karen
Donohoe, John
Fox, Glenn
Francoeur, Mary
GE Funding Holdings Inc.

Gordon, Ellen
Lehman, Seth
Lesko, Lisa
Lewis, Clifton
Lopp, David
PMI Mortgage Insurance Co.
Sherman, James
Skelton, Dana
Tattam, Timothy

# APPENDIX 2

## FGIC CORPORATION

### SPECIFIC DISCLOSURES REGARDING PARTIES IN INTEREST

| NAME SEARCHED OR PROVIDED BY CLIENT | CATEGORY OF PARTY IN INTEREST | NOTES |
|---|---|---|
| **Bank of America NA** | **Banks** | MORRISON & FOERSTER CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |
| **Bank of New York Mellon** | **Banks** | MORRISON & FOERSTER CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |
| **Citibank NA** | **Banks** | MORRISON & FOERSTER CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |
| **Deutsche Bank AG** | **Banks** | MORRISON & FOERSTER CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |
| **JP Morgan Chase & Co.** | **Banks** | MORRISON & FOERSTER CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |
| **KeyBank NA** | **Banks** | MORRISON & FOERSTER HAS IN THE PAST REPRESENTED THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |

ny-940673

| NAME SEARCHED OR PROVIDED BY CLIENT | CATEGORY OF PARTY IN INTEREST | NOTES |
|---|---|---|
| **Merrill Lynch** | **Banks** | MORRISON & FOERSTER CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |
| **US Bank NA** | **Banks** | MORRISON & FOERSTER CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |
| **Wilmington Trust FSB** | **Indenture Trustee** | MORRISON & FOERSTER HAS REPRESENTED THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN OTHER MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |
| **Barclays Bank PLC** | **Noteholders** | MORRISON & FOERSTER CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |
| **Goldman Sachs & Co.** | **Noteholders** | MORRISON & FOERSTER HAS IN THE PAST REPRESENTED THIS ENTITY FOR THE LIMITED PURPOSE OF OBTAINING AN EXTENSION OF TIME TO OBJECT TO THE DEBTOR'S DISCLOSURE STATEMENT IN THIS CHAPTER 11 CASE AND CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN OTHER MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |

ny-940673

| NAME SEARCHED OR PROVIDED BY CLIENT | CATEGORY OF PARTY IN INTEREST | NOTES |
|---|---|---|
| **GE Asset Management Inc.** | **Noteholders** | MORRISON & FOERSTER HAS IN THE PAST REPRESENTED THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |
| **The Mangrove Partners Fund L.P.** | **Noteholders** | MORRISON & FOERSTER HAS IN THE PAST REPRESENTED THIS ENTITY FOR THE LIMITED PURPOSE OF OBTAINING AN EXTENSION OF TIME TO OBJECT TO THE DEBTOR'S DISCLOSURE STATEMENT IN THIS CHAPTER 11 CASE AND CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN OTHER MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |
| **Venor Capital Management L.P.** | **Noteholders** | MORRISON & FOERSTER HAS IN THE PAST REPRESENTED THIS ENTITY FOR THE LIMITED PURPOSE OF OBTAINING AN EXTENSION OF TIME TO OBJECT TO THE DEBTOR'S DISCLOSURE STATEMENT IN THIS CHAPTER 11 CASE AND CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN OTHER MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |
| **New York Life Insurance Co.** | **Noteholders** | MORRISON & FOERSTER HAS IN THE PAST REPRESENTED THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |

ny-940673

| NAME SEARCHED OR PROVIDED BY CLIENT | CATEGORY OF PARTY IN INTEREST | NOTES |
|---|---|---|
| **Salomon Brothers** | **Noteholders** | MORRISON & FOERSTER HAS IN THE PAST REPRESENTED THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |
| **Thomas Adams** | **Officers & Directors Stockholder** | MORRISON & FOERSTER HAS IN THE PAST REPRESENTED A SIMILARLY NAMED INDIVIDUAL IN MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |
| **Robert L. Friedman** | **Officers & Directors** | MORRISON & FOERSTER HAS IN THE PAST REPRESENTED A SIMILARLY NAMED INDIVIDUAL IN MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |
| **Paul Morrison** | **Officers & Directors Stockholder** | MORRISON & FOERSTER HAS IN THE PAST REPRESENTED A SIMILARLY NAMED INDIVIDUAL IN MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |
| **FGIC** | **Debtor** | M&F HAS IN THE PAST REPRESENTED THE DEBTOR AND CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **Broadridge** | **Professionals** | MORRISON & FOERSTER HAS IN THE PAST REPRESENTED THIS ENTITY IN MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |
| **Cleary Gottlieb** | **Professionals** | MORRISON & FOERSTER HAS IN THE PAST REPRESENTED THIS ENTITY IN MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |
| **Ernst & Young** | **Professionals** | MORRISON & FOERSTER CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |

ny-940673

| NAME SEARCHED OR PROVIDED BY CLIENT | CATEGORY OF PARTY IN INTEREST | NOTES |
|---|---|---|
| **Fried Frank** | **Professionals** | MORRISON & FOERSTER HAS IN THE PAST REPRESENTED THIS ENTITY IN MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |
| **Hunton & Williams** | **Professionals** | MORRISON & FOERSTER HAS IN THE PAST REPRESENTED THIS ENTITY IN MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |
| **Kirkland & Ellis** | **Professionals** | MORRISON & FOERSTER HAS IN THE PAST REPRESENTED THIS ENTITY IN MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |
| **PricewaterhouseCoopers** | **Professionals** | MORRISON & FOERSTER CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |
| **Raymond James** | **Professionals** | MORRISON & FOERSTER CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |
| **Stroock & Stroock & Lavan** | **Professionals** | MORRISON & FOERSTER HAS IN THE PAST REPRESENTED THIS ENTITY IN MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |
| **PMI Mortgage Insurance** | **Stockholder** | MORRISON & FOERSTER CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTOR'S CHAPTER 11 CASE |

ny-940673