Paul M. Basta
Brian S. Lennon
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900

   - and -

Patrick J. Nash, Jr. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200

*Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FGIC CORPORATION,[1] | Case No. 10-14215 (SMB) |
| Debtor. | |

**NOTICE OF HEARING ON DEBTOR'S SECOND MOTION
FOR ENTRY OF AN ORDER, PURSUANT TO SECTION 1121(D) OF
THE BANKRUPTCY CODE, EXTENDING ITS EXCLUSIVE PERIODS
TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the *Debtor's Second Motion for Entry of an Order, Pursuant to Section 1121(d) of the Bankruptcy Code, Extending Its Exclusive Periods To File a Chapter 11 Plan and Solicit Acceptances Thereof* (the "Motion") will be held before the Honorable Stuart M. Bernstein of the United States Bankruptcy Court for

---

[1] The last four digits of the Debtor's tax identification number are 6474. The location of the Debtor's corporate headquarters is 125 Park Avenue, New York, New York 10017.

the Southern District of New York (the "Bankruptcy Court"), Alexander Hamilton Custom House, One Bowling Green, Room 723, New York, New York 10004, on **January 25, 2011 at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion must comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, be set forth in a writing describing the basis therefor and be filed with the Bankruptcy Court on or before **January 18, 2011 at 5:00 p.m. (prevailing Eastern Time)**. Any such response or objection must be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's electronic case filing system[2] and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Word Perfect, or any other Windows-based word processing format (in either case with a hard copy delivered directly to Chambers).

Any response or objection shall also be served so that it is **actually received** no later than **January 18, 2011 at 5:00 p.m. (prevailing Eastern Time)** by the following: (a) FGIC Corporation, 125 Park Avenue, New York, New York 10017, Attn.: John S. Dubel and A. Edward Turi, III; (b) Kirkland & Ellis LLP, counsel to the Debtor, 601 Lexington Avenue, New York, New York 10022, Attn.: Paul M. Basta and Brian S. Lennon; (c) Kirkland & Ellis LLP, counsel to the Debtor, 300 North LaSalle, Chicago, Illinois 60654, Attn.: Patrick J. Nash, Jr.; (d) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn.: Andrea B. Schwartz;

---

[2] The User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website of the Bankruptcy Court.

(e) Wilmington Trust FSB, 166 Mercer Street, Suite 2-R, New York, New York 10012, Attn.: Adam Berman; (f) The Mangrove Partners Fund, LP, 100 West 58th Street, Suite 8F, New York, New York 10019, Attn.: Nathaniel August; (g) Morrison & Foerster LLP, counsel to the Official Committee of Unsecured Creditors, 1290 Avenue of the Americas, New York, New York 10104, Attn.: Anthony Princi, David Capucilli and John A. Pintarelli; (h) Morgan, Lewis & Bockius LLP, counsel to the administrative agent for the Debtor's prepetition revolving credit facility, 101 Park Avenue, New York, New York 10178, Attn.: Richard S. Toder, Wendy S. Walker and Robert M. Scannell; (i) DLA Piper LLP, counsel to MBIA Inc., 1251 Avenue of the Americas, New York, New York 10020, Attn.: H. Jeffrey Schwartz and Bennett Silverberg; (j) Covington & Burling LLP, counsel to the indenture trustee for the Debtor's 6% Senior Notes due 2034, The New York Times Building, 620 Eighth Avenue, New York, New York 10018, Attn.: Michael B. Hopkins and Amanda R. Raboy; (k) Fried, Frank, Harris, Shriver & Jacobson LLP, counsel to the New York State Insurance Department, One New York Plaza, New York, New York 10004, Attn.: Bonnie Steingart; (l) the New York State Attorney General; (m) the United States Attorney for the Southern District of New York; (n) the Securities and Exchange Commission; (o) the New York Department of Taxation and Finance; (p) the Internal Revenue Service; and (q) those parties that have requested service of pleadings pursuant to Bankruptcy Rule 2002.

| | |
|---|---|
| New York, New York<br>Dated: January 11, 2011 | */s/ Brian S. Lennon*<br>Paul M. Basta, Esq.<br>Brian S. Lennon, Esq.<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>- and -<br><br>Patrick J. Nash, Jr. (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br><br>*Counsel to the Debtor<br>and Debtor in Possession* |

Paul M. Basta
Brian S. Lennon
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

   - and -

Patrick J. Nash, Jr. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Counsel to the Debtor and Debtor in Possession*

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FGIC CORPORATION,[1] | ) | Case No. 10-14215 (SMB) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### DEBTOR'S SECOND MOTION FOR ENTRY OF AN ORDER, PURSUANT TO SECTION 1121(D) OF THE BANKRUPTCY CODE, EXTENDING ITS EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF

FGIC Corporation, as the debtor and debtor in possession in the above-captioned chapter 11 case ("FGIC Corp." or "Debtor"), files this motion (the "Motion") seeking entry of an order, substantially in the form attached hereto as **Exhibit A**, further extending the exclusive period during which the Debtor may file a chapter 11 plan (the "Exclusive Filing Period")

---

[1] The last four digits of the Debtor's tax identification number are 6474. The location of the Debtor's corporate headquarters is 125 Park Avenue, New York, New York 10017.

through and including April 1, 2011, and the exclusive period during which the Debtor may solicit acceptances of its chapter 11 plan (the "Exclusive Solicitation Period," and together with the Exclusive Filing Period, the "Exclusive Periods") through and including June 1, 2011. In support of this Motion, the Debtor respectfully states as follows:

**Preliminary Statement**

1. By this motion, the Debtor requests an extension of its Exclusive Periods to April 1, 2011, and June 1, 2011. Although the Debtor filed a plan of reorganization [Docket No. 11] (the "Plan") on the first day of this case, the Debtor respectfully submits that it would be premature for the Debtor to proceed with the Plan at this time. The more prudent path is to await a clear strategy for the restructuring of the Debtor's wholly-owned subsidiary, Financial Guaranty Insurance Company ("FGIC").

2. The Debtor has two main assets—its approximately $10.7 million in cash and its common equity interests in its wholly-owned subsidiary, Financial Guaranty Insurance Company ("FGIC"). The Plan provides that substantially all of the cash will be distributed to creditors and the equity interests in FGIC will vest in a reorganized company owned by the creditors. The Plan, however, was premised in part on FGIC's successful completion of an exchange offer (the "Exchange Offer") pursuant to which FGIC would effectively buy back its insurance obligations relating to certain residential mortgage-backed securities and asset-backed securities that FGIC previously had insured. The Exchange Offer was the foundation for a broader surplus restoration plan (the "Surplus Restoration Plan") that was designed to bring FGIC back within the regulatory requirements of the New York Insurance Law (the "NY Insurance Law").[2]

---

[2] The Exchange Offer and the Surplus Restoration Plan were described in detail in the *Declaration of John S.*
(Continued…)

3. On October 25, 2010, FGIC announced that it did not receive sufficient participation from eligible holders of certain residential mortgage-backed securities and asset-backed securities that it had insured to satisfy the conditions necessary to complete the Exchange Offer. The lack of sufficient participation resulted in the termination of the Exchange Offer, rendered the Surplus Restoration Plan untenable, and increased the chances that the Superintendent of the New York State Insurance Department (the "NYID")—FGIC's primary regulator—will exercise the Superintendent's statutory authority to seek a court order authorizing the Superintendent to liquidate or rehabilitate FGIC.

4. After the Exchange Offer terminated, FGIC began to discuss alternative restructuring options with the NYID. On or around December 2, 2010, investors holding securities guaranteed by FGIC announced that they had formed a policyholder group to negotiate a proposed restructuring plan with FGIC. FGIC has been working with the steering committee for the policyholder group over the course of the last several weeks to construct a proposed restructuring plan that FGIC intends to submit to the NYID as soon as practicable. The goal of the plan is to permit FGIC to begin, in 2011, to satisfy policyholders' claims with cash and other consideration. The Debtor and FGIC are hopeful the proposed restructuring plan will provide a far better result for policyholders than a liquidation of FGIC under the NY Insurance Law. To date, the Superintendent is aware of the efforts of FGIC and the policyholder group to construct a restructuring plan and has yet to seek a court order authorizing the Superintendent to liquidate or rehabilitate FGIC.

---

*Dubel Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First Day Motions* (the "Dubel Declaration") [Docket No. 8].

5. While FGIC has adjusted its own restructuring strategy, the Debtor has continued to engage in productive dialogue with the official committee of unsecured creditors (the "Creditors' Committee") and certain of its larger debt holders regarding restructuring alternatives to the Plan. Certain of these discussions have also focused on potential ways the Debtor's restructuring could facilitate FGIC's restructuring and vice versa.

6. Given the impact FGIC's restructuring will have on the Debtor's estate and the Plan, the Debtor believes it would be unwise to pursue confirmation of a chapter 11 plan of reorganization before the contours of FGIC's restructuring take a more definite shape. Because it remains unclear as to when FGIC's restructuring will take shape and because the Debtor is cognizant of the need to preserve as much cash as practicable for the benefit of the creditors of its estate, the Debtor and its advisors intend to manage costs to the extent practicable until a clear path forward emerges in this case. For these reasons, the Debtor submits that further extensions of the Exclusive Periods are warranted.

## Jurisdiction

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

8. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9. The statutory basis for the relief requested herein is section 1121(d) of the title 11 of the United States Code (the "Bankruptcy Code").

## Relief Requested

10. By this Motion, the Debtor respectfully requests entry of an order pursuant to section 1121(d) of the Bankruptcy Code extending the Exclusive Filing Period through and including April 1, 2011, and the Exclusive Solicitation Period through and including June 1,

4

2011, without prejudice to the Debtor's rights to seek further extensions of the Exclusive Periods.

**Background**

11. On August 3, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 7, 2010, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Creditors' Committee, which is currently comprised of Wilmington Trust FSB, in its capacity as indenture trustee for the Debtor's 6% Senior Unsecured Notes (the "Notes") and The Mangrove Partners Fund, LP. As described above, the Court entered the First Exclusivity Order on November 24, 2010.

12. As noted above, FGIC Corp.'s two main assets are its approximately $10.7 million in cash on hand and its 100% common equity ownership in non-debtor FGIC—a monoline financial guaranty insurance company organized under the laws of the State of New York and regulated in accordance with the NY Insurance Law.

13. Beginning in 2007, the U.S. housing market experienced an unprecedented downturn that was directly followed by a significant decline of the U.S. credit markets. Given FGIC's exposure to collateralized debt obligations of asset-backed securities and residential mortgage-backed securities, it incurred significant losses as a result. Indeed, in 2006, prior to the upheaval in the credit markets, FGIC reported surplus to policyholders of approximately $1.131 billion. Yet, as of September 30, 2010, FGIC maintained a surplus to policyholders of approximately negative $1.700 billion, far below the $66.4 million minimum level required by the NY Insurance Law. As a result of these losses, FGIC stopped paying dividends to FGIC

5

Corp. in January 2008.

14. To remediate its balance sheet and restore its surplus to policyholders to the minimum level of $66.4 million required by the NY Insurance Law, FGIC, in consultation with its primary regulator, the NYID, sought to implement a comprehensive Surplus Restoration Plan. As described above, the Exchange Offer, which was the centerpiece of the Surplus Restoration Plan, has expired and FGIC has not satisfied the conditions for successfully effectuating the Surplus Restoration Plan. As such, the path of FGIC's restructuring is uncertain at this time.

15. In conjunction with FGIC's Surplus Restoration Plan, FGIC Corp. developed the Plan in consultation with its largest known non-insider creditors—JPMorgan Chase Bank, N.A. ("JPMorgan"), in its capacity as administrative agent for the Debtor's prepetition revolving credit facility, and MBIA, Inc. ("MBIA"), which is the largest known holder of the Debtor's Notes.

16. The Plan contemplates that unsecured creditors, including holders of claims on account of the approximately $46 million outstanding in connection with the prepetition revolving credit facility and the approximately $345.5 million in principal and interest owing on account of the Notes, will receive their pro rata shares of the Debtor's approximately $10.**7** million of cash (less the costs of administration of the case) and equity in reorganized FGIC Corp. In addition, the Debtor obtained agreements from its three largest common shareholders, representing more than 90% of the common equity in FGIC Corp., that they would consent to the cancellation of their equity interests and waive their general unsecured claims against the estate in the aggregate amount of $7.2 million if the Plan is confirmed. An important priority for FGIC Corp. and its stakeholders is preserving, to the fullest extent available under applicable tax laws, the estate's interest in approximately $4 billion in net operating losses ("NOLs") maintained by

6

K&E 18204264

FGIC Corp., FGIC and their affiliates and subsidiaries (collectively, the "FGIC Group").

### The Debtor's Exclusive Periods

17. The Debtor's Exclusive Periods were originally set to expire on December 1, 2010, and February 1, 2011, respectively. On November 24, 2010, the Court entered an order extending the Debtor's Exclusive Filing Period to February 1, 2011, and the Debtor's Exclusive Solicitation Period to April 1, 2011 [Docket No. 108] (the "First Exclusivity Order"). This extension of the Exclusive Periods allowed the Debtor additional time to continue productive discussions regarding restructuring strategies with the Creditors' Committee and to adjust its restructuring strategy as necessary in light of the October 22, 2010 announcement that the Exchange Offer and Surplus Restoration Plan would not succeed.

18. As described above, since the November 24 hearing on the First Exclusivity Order, the Debtor has continued to explore restructuring strategies with the Creditors' Committee and certain holders of the Debtor's debt while FGIC has worked with the policyholder group and the NYID to formulate what the Debtor hopes to be a viable restructuring plan for FGIC. The Debtor now seeks to further extend the Exclusive Periods to allow sufficient time for FGIC to pursue its restructuring plan, which, if successful, could generate value for the Debtor's estate.

### Basis for Relief

19. Section 1121(d)(1) of the Bankruptcy Code permits the Court to extend a debtor's exclusive periods to file a chapter 11 plan and solicit acceptances thereof upon a demonstration of "cause." Specifically, section 1121(d) of the Bankruptcy Code states:

> [O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period

7

referred to in this section.

11 U.S.C. § 1121(d)(1).[3]

20. Although "cause" is not defined in section 1121(d)(1) or elsewhere in the Bankruptcy Code, the legislative history indicates that "cause" is intended to be a flexible standard that balances the competing interests of a debtor and its creditors.  See H.R. Rep. No. 95-595 at 231, 232 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6191.  This flexibility is intended to give a debtor an adequate opportunity to stabilize its business operations at the outset of the case and then to negotiate a plan with its creditors.  See In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (Bankr. E.D.N.Y. 1989) (stating that the "for cause" standard under section 1121 allows for maximum flexibility); In re McLean Indus., Inc., 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987) (stating that cause is undefined by statute, but the legislative history indicates that it is to be viewed flexibly).

21. Courts consider a number of factors to determine whether cause exists to extend a debtor's exclusive periods, including the following:

> (a) the size and complexity of the case;
>
> (b) the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;
>
> (c) the existence of good faith progress toward reorganization;
>
> (d) the fact that the debtor is paying its bills as they come due;

---

[3] Additionally, even if cause is shown, the 120-day period "may not be extended beyond a date that is 18 months after the [petition] date" and the 180-day period "may not be extended beyond a date that is 20 months after the [petition] date."  11 U.S.C. § 1121(d)(2).  This provision is inapplicable as this chapter 11 case is just under three months old.

8

(e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(f) whether the debtor has made progress in its negotiations with creditors;

(g) the amount of time that has elapsed in the case;

(h) whether the debtor is seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands; and

(i) the existence of an unresolved contingency.

See In re Adelphia Commc'ns Corp., 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); see also In re Lionel L.L.C., Case No. 04-17324, 2007 WL 2261539, at *6 (Bankr. S.D.N.Y. Aug. 3, 2007); McLean Indus., 87 B.R. at 834. Not every factor cited above is always relevant to an exclusivity extension, and courts have found that a single factor can justify extending a debtor's exclusive filing and solicitation periods. See In re Express One Int'l, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (analyzing four factors to determine whether cause existed to extend exclusivity); In re Interco, Inc., 137 B.R. 999, 1001 (Bankr. E.D. Mo. 1992) (considering four factors when holding that bondholders' committee failed to show cause to terminate debtors' exclusivity); In re Texaco, Inc., 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987) (holding that cause existed to extend exclusivity based only on size and complexity of the debtor's chapter 11 case).

22. The Debtor respectfully submits that the overwhelming majority of the factors cited above weigh in favor of an extension of the Exclusive Periods:

- *The Debtor's Chapter 11 Case Is Complex.* As of the Petition Date, the Debtor had approximately $391.5 million of unsecured debt and the FGIC Group had NOLs of approximately $4 billion. Preserving those NOLs is an important priority for the Debtor and its stakeholders. Further, FGIC maintains liabilities of approximately $3.5 billion, including reserves for expected losses on its insurance obligations relating to a variety of sophisticated financial instruments and complex insurance products, and FGIC's restructuring of these

9

liabilities, which must be conducted under the regulatory oversight of the NYID, will impact the Debtor's chapter 11 plan, adding a significant degree of complexity to this case.

- *Additional Time is Necessary for the Debtor to Formulate a Plan that Takes into Account the Outcome of FGIC's Restructuring Efforts.* As explained above, the Debtor and FGIC are working with their respective constituencies to develop appropriate restructuring strategies. FGIC is currently working as quickly as possible to develop an appropriate restructuring plan that will be satisfactory to its policyholders and the NYID. This plan will surely have an impact on the Debtor's restructuring strategy. The Debtor believes a modest extension of the Exclusive Periods to allow key developments in FGIC's restructuring to unfold is warranted.

- *The Debtor Has Made Good Faith Progress Toward Reorganization.* As described above, the Debtor filed the Plan on the Petition Date and has worked in good faith with the Creditors' Committee to evaluate all available restructuring options. The Debtor cannot finalize its plan of reorganization, however, until it better understands the path FGIC's restructuring is likely to take. Once FGIC's path forward becomes clearer, the Debtor is confident it will be able to confirm a chapter 11 plan in short order.

- *The Debtor Is Paying Its Bills As They Come Due.* Since the Petition Date, the Debtor has paid all postpetition obligations in the ordinary course of business or as otherwise provided by Court order. In addition, the Debtor is confident it will continue to be able to pay its bills as they come due. As described above, the Debtor recognizes the need to conserve cash pending further developments in FGIC's restructuring and intends to minimize costs and expenses while it awaits the submission of FGIC's restructuring plan to the NYID.

- *The Debtor Has Demonstrated Reasonable Prospects for Filing a Viable Plan.* The Debtor respectfully submits that the Plan it filed on the Petition Date is viable and confirmable. The Debtor's Plan is supported by two of the Debtor's largest creditors and three of its largest equity holders. Nonetheless, the Debtor believes it is prudent to allow time for FGIC's restructuring to take shape before progressing with the confirmation of the Plan.

- *The Debtor Has Made Significant Progress in Its Negotiations with Creditors.* As described above, the Plan is supported by two of the Debtor's largest creditors and three of its largest equity holders. The Debtor is working with the Creditors' Committee and other large debt holders to determine if there are ways to improve the Plan, including

10

ways for the Debtor to facilitate FGIC's restructuring plan and vice versa. Given the complexity of the issues at stake, these discussions are ongoing as of this time.

- *An Extension Will Not Pressure Creditors.* The Debtor is not seeking an extension of the Exclusive Periods to pressure or prejudice any of its creditors. To the contrary, the Debtor has adjourned the hearing on its disclosure statement to afford the Creditors' Committee an adequate opportunity to conduct a thorough investigation of the Debtor and evaluate alternatives to the Debtor's filed Plan. Rather than pressure creditors, the modest extension of the Exclusive Periods sought by the Debtor will provide the Debtor and its creditors with additional insight into FGIC's restructuring prospects—information that is critical to the Debtor's own reorganization.

- *An Unresolved Contingency Exists.* As described above, the path forward in FGIC's restructuring process remains unclear and negotiations are ongoing between FGIC, the NYID and the policyholder group. Because the Debtor's equity interest in FGIC is one of two main assets of the Debtor's estate, the Debtor respectfully submits that it is prudent to await clear direction in the FGIC restructuring before proceeding with the confirmation process for the Plan.

23. An objective analysis of the relevant factors demonstrates that the Debtor is doing everything it can to advance towards the goal of confirming a value-maximizing plan of reorganization and is entitled to a modest extension of the Exclusive Periods to allow it to take into account the outcome of the negotiations between FGIC and its policyholders and the restructuring plan submitted by FGIC to the NYID.

24. For the foregoing reasons, the Debtor respectfully submits that ample cause exists for entry of the proposed order extending the Debtor's Exclusive Periods.

## Motion Practice

25. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Motion. Accordingly, the Debtor submits that this Motion satisfies Rule 9013-1(a) of the Local

Bankruptcy Rules for the Southern District of New York.

## Notice

26. The Debtor has provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the Creditors' Committee; (c) Wilmington Trust FSB, in its capacity as a member of the Creditors' Committee; (d) The Mangrove Partners Fund, LP, in its capacity as a member of the Creditors' Committee; (e) counsel to the administrative agent for the Debtor's prepetition revolving credit facility; (f) counsel to the indenture trustee for the Debtor's 6% Senior Notes due 2034; (g) counsel to MBIA Inc.; (h) counsel to the New York State Insurance Department; (i) the New York State Attorney General; (j) the United States Attorney for the Southern District of New York; (k) the Securities and Exchange Commission; (l) the New York Department of Taxation and Finance; (m) the Internal Revenue Service; and (n) all parties that have requested service pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested herein, the Debtor respectfully submits that no other or further notice need be provided.

## No Prior Request

27. No prior motion for the relief requested herein has been made to this or any other court.

K&E 18204264

WHEREFORE, the Debtor respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the Exclusive Filing Period to April 1, 2011, and the Exclusive Solicitation Period to June 1, 2011.

| | |
|---|---|
| New York, New York<br>Dated: January 11, 2011 | */s/ Brian S. Lennon*<br>Paul M. Basta, Esq.<br>Brian S. Lennon, Esq.<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:   (212) 446-4900<br><br>-and-<br><br>Patrick J. Nash, Jr. (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone:  (312) 862-2000<br>Facsimile:   (312) 862-2200 |

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| FGIC CORPORATION,[1] | ) ) ) | Case No. 10-14215 (SMB) |
| Debtor. | ) ) | |

**ORDER EXTENDING DEBTOR'S EXCLUSIVE PERIODS
TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

Upon the motion (the "Motion"), dated January 11, 2011, of the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), seeking entry of an order extending the exclusive period during which the Debtor may file a chapter 11 plan (the "Exclusive Filing Period") through and including April 1, 2011, and the exclusive period during which the Debtor may solicit acceptances of its chapter 11 plan (the "Exclusive Solicitation Period," and together with the Exclusive Filing Period, the "Exclusive Periods") through and including June 1, 2011, all as more fully set forth in the Motion; and the Court having found it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtor having provided adequate and appropriate notice of the Motion under the circumstances; and the Court having found the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest; and the Court having

---

[1] The last four digits of the Debtor's tax identification number are 6474. The location of the Debtor's corporate headquarters is 125 Park Avenue, New York, New York 10017.

reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court, after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED:

1. The Motion is granted to the extent provided herein.

2. The Debtor's Exclusive Filing Period is extended through and including April 1, 2011.

3. The Debtor's Exclusive Solicitation Period is extended through and including June 1, 2011.

4. This Order is without prejudice to the Debtor's ability to seek further extensions of the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Date: _____, 2011

Honorable Stuart M. Bernstein
United States Bankruptcy Judge