**Hearing Date:  May 29, 2013 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline:  May 24, 2013 at 4:00 p.m. (prevailing Eastern Time)**

Paul M. Basta
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

   - and -

Patrick J. Nash, Jr. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Reorganized Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FGIC CORPORATION,[1] | ) | Case No. 10-14215 (SMB) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**NOTICE OF HEARING ON DEBTOR'S MOTION**
**FOR ENTRY OF A FINAL DECREE**

      **PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the *Debtor's Motion for Entry of a Final Decree* (the "Motion") will be held before the Honorable Stuart M. Bernstein of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Alexander Hamilton Custom House, One Bowling Green, Room 723, New York, New York 10004, on **May 29, 2013 at 10:00 a.m. (prevailing Eastern Time)**.

---

[1]    The last four digits of the Debtor's tax identification number are 6474.  The location of the Debtor's corporate headquarters is 125 Park Avenue, New York, New York 10017.

K&E 26578308

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion must comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, be set forth in a writing describing the basis therefor, and be filed with the Bankruptcy Court on or before **May 24, 2013 at 4:00 p.m. (prevailing Eastern Time)**.  Any such response or objection must be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's electronic case filing system[2] and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Word Perfect, or any other Windows-based word processing format (in either case with a hard copy delivered directly to Chambers).

Objections or responses, if any, to the Motion:  (a) must be in writing; (b) must conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York; (c) must set forth the name of the objecting party, the basis for the objection and the specific grounds therefor; (d) must be filed with the Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Court's case filing system, and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format; and (e) must be served upon:  (i) the chambers of the Honorable Stuart M. Bernstein, United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, Courtroom 723, New York, New York 10004; (ii) FGIC Corporation, 125 Park Avenue, New York, New York 10017, Attn:  John S. Dubel; (iii) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Paul M. Basta, P.C.; (iv) Kirkland &

---

[2]    The User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website of the Bankruptcy Court.

Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn:  Patrick J. Nash, Jr., P.C.;

(v) Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York 10178,

Attn:  Steven J. Reisman; (vi) the Office of the United States Trustee, 33 Whitehall Street, 21st

Floor, New York, New York 10004, Attn:  Andrea B. Schwartz; (vii) Morrison & Foerster LLP,

counsel to the Official Committee of Unsecured Creditors, 1290 Avenue of the Americas, New

York, New York 10104-0050, Attn:  Anthony Princi; (viii) Wilmington Trust FSB, in its

capacity as a member of the Committee, 166 Mercer Street, Suite 2-R, New York, New York

10012, Attn:  Adam Berman; and (ix) The Mangrove Partners Fund, LP, in its capacity as a

member of the Committee, 10 East 53rd Street, 31st Floor, New York, New York 10022, Attn:

Nathaniel August, so as to be received no later than the Objection Deadline.

PLEASE TAKE FURTHER NOTICE that only those responses that are timely filed,

served, and received by the Objection Deadline will be considered at the Hearing.  Failure to file

a timely objection may result in entry of a final order approving the Motion without a hearing.

New York, New York
Dated:  May 16, 2013

*/s/ Patrick J. Nash. Jr.*

Paul M. Basta, Esq.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:    (212) 446-4800
Facsimile:     (212) 446-4900

- and -

Patrick J. Nash, Jr. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:    (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel to the Reorganized Debtor*

3

Paul M. Basta
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

    - and -

Patrick J. Nash, Jr.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Reorganized Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FGIC CORPORATION,[1] | ) |
| | ) Case No. 10-14215 (SMB) |
| Reorganized Debtor. | ) |
| | ) |

**DEBTOR'S MOTION FOR ENTRY OF A FINAL DECREE**

FGIC Corporation, as reorganized debtor in the above-captioned chapter 11 case (the

"Reorganized Debtor"), files this motion (the "Motion") seeking entry of a final decree closing

its chapter 11 case, substantially in the form attached hereto as **Exhibit A** (the "Final Decree")

In support of this Motion, the Reorganized Debtor respectfully states as follows:

---

[1]    The last four digits of the Debtor's tax identification number are 6474.  The location of the Debtor's corporate
headquarters is 125 Park Avenue, New York, New York 10017.

**Jurisdiction**

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The bases for the relief requested herein are section 305 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Procedure for the Southern District of New York (the "Local Rules").

**Relief Requested**

4.       By this Motion, the Reorganized Debtor respectfully requests that the Court enter the Final Decree, substantially in the form attached hereto as **Exhibit A**.

**The Debtor's Chapter 11 Case**

5.       The Debtor, an insurance holding company, filed for chapter 11 protection on August 3, 2010 (the "Petition Date").  The Debtor commenced its chapter 11 case with a plan of reorganization on file [Docket No. 11] and with an eye toward a quick exit.  The original plan, however, became unviable, forcing the Debtor to seek value-maximizing alternatives.  In seeking out these alternatives, the Debtor worked closely with the official committee of unsecured creditors (the "Committee").  Because one of the Debtor's main assets is its tax attributes, and because the Debtor operates in a complicated regulatory framework, the Debtor was not able to proceed as quickly as desired.

6.       After working with the Committee to evaluate several indications of interest, the Debtor ultimately decided to move forward with a proposal from the Debtor's wholly-owned insurance subsidiary, FGIC, along with FGIC's regulator, the New York State Department of Financial Services (the "NYSDFS").  FGIC and the NYSDFS proposed to sponsor a modified

2

version of the plan originally filed by the Debtor that increased recoveries to the Debtor's

general unsecured creditors by approximately 120%.

7.    On February 3, 2012, the Debtor executed a plan sponsor agreement with FGIC

and filed a plan of reorganization (the "Plan") and related disclosure statement (the "Disclosure

Statement"). The Disclosure Statement was approved on March 15, 2012. On April 23, 2012,

this Court entered the *Findings of Fact, Conclusion of Law, and Order Confirming the Chapter

11 Plan of Reorganization of FGIC Corporation* [Docket No. 314] (the "Confirmation Order").

The Confirmation Order is a final order.

8.    Though the Debtor sought to quickly effectuate the Plan, tax and regulatory issues

prevented the Plan from going effective until April 18, 2013. The Debtor effectuated the plan

immediately thereafter on April 19, 2013 [Docket No. 370].

9.    The only payments remaining under the Plan are the final professional fees for

estate-retained professionals, for which final fee applications are on file and for which the

Reorganized Debtor will seek approval at the hearing to consider this Motion. The exact

amounts of the fees and expenses submitted to the Court for approval are set forth in the

Debtor's closing report (the "Closing Report"), which is attached hereto as **Exhibit B**. If the

various final fee applications are approved, and upon the Reorganized Debtor making payments

thereunder, all payments required under the plan will have been made. The Debtor has paid all

quarterly fees owed to the U.S. Trustee for periods through the quarter ending March 31, 2013

and will pay any quarterly fees owed to the U.S. Trustee for the second quarter of 2013 within

ten business days of entry of the Final Decree. The Debtor does not owe any money to the Clerk

of the Court on the date hereof. Upon the Court's approval of the final fee applications and

3

subject to the Court's review of the Closing Report, the Debtor believes that the Court's role in

administering this chapter 11 case will be complete.

## Basis for Relief

10.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully

administered and the court has discharged the trustee, the court shall close the case."

11 U.S.C. § 350(a).   Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy

Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization

case, the court, on its own motion or on motion of a party in interest, shall enter a final decree

closing the case."  Fed. R. Bankr. P. 3022.

11.     The term "fully administered" is not defined by either the Bankruptcy Code or the

Bankruptcy Rules.  The Notes of the Advisory Committee on the 1991 amendments in respect of

Bankruptcy Rule 3022 (the "Advisory Notes") comment that "[e]ntry of a final decree closing a

chapter 11 case should not be delayed solely because the payments required by the plan have not

been completed."  The Advisory Notes set forth certain factors that should be considered when

evaluating whether a case has been fully administered.  These factors are:

(A)     whether the order confirming the plan has become final;

(B)     whether deposits required by the plan have been transferred;

(C)     whether the property proposed by the plan to be transferred has been
        transferred;

(D)     whether the debtor or the successor of the debtor under the plan has
        assumed the business or management of the property dealt with by the
        plan;

(E)     whether payments under the plan have commenced; and

See, e.g., In re McClelland, 377 B.R. 446, 453 (Bankr. S.D.N.Y. 2007 (noting that the 1991

Advisory Committee Notes to Rule 3022 "list a number of factors for the Court to consider

4

before entering a final decree"); <u>In re Kliegel Bros. Universal Elec. Stage Lighting Co.</u>, 238 B.R.
531, 542 (Bankr. E.D.N.Y. 1999); <u>In re Cam-Plek of Virginia IQ Converting Div., Inc.</u>, Case No.
96-21367 (Memorandum Decision) (Bankr. E.D. Tenn. Aug. 20, 1999) (noting that three of the
factors delineated in the Advisory Notes correspond to the elements necessary for substantial
consummation of a plan of reorganization under the Bankruptcy Code).

12.     Here, as discussed above, the Debtor has consummated the Plan.  Upon the
Court's approval of the final fee applications for the various estate-retained professionals, all
distributions required by the Plan will have been made, the Court's role in administering this
chapter 11 case will be complete, and the Debtor's chapter 11 will be "fully administered" within
the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter
the Final Decree.  In addition, entering the Final Decree will relieve the Debtor of its obligation
to pay quarterly United States Trustee Fees, an unnecessary expense for this fully administered
chapter 11 case.

### Final Report

13.     In accordance with the requirements of Local Rule 3022-1, attached hereto as
**Exhibit B** is the Closing Report that describes, among other things, (a) the fees and expenses
awarded to the retained professionals who rendered services during the Debtor's chapter 11 case
and (b) the distributions made under the Plan.

### Motion Practice

14.     This Motion includes citations to the applicable rules and statutory authorities
upon which the relief requested herein is predicated as well as a discussion of their application to
this Motion.  Accordingly, the Debtor submits that this Motion satisfies Local Bankruptcy Rule
9013-1(a).

5

K&E 26470942

## Notice

15.     The Debtor has provided notice of this Motion to:  (a) the United States Trustee for Region 2; (b) counsel to FGIC, in its capacity as plan sponsor; (c) counsel to the Committee; (d) Wilmington Trust, National Association, successor by merger to Wilmington Trust FSB, in its capacity as a member of the Committee; (e) The Mangrove Partners Fund, LP, in its capacity as a member of the Committee; (f) counsel to the administrative agent for the Debtor's prepetition revolving credit facility; (g) counsel to the indenture trustee for the Debtor's 6% Senior Notes due 2034; (h) counsel to MBIA Inc.; (i) the New York State Attorney General; (j) the United States Attorney for the Southern District of New York; (k) the Securities and Exchange Commission; (l) the New York State Department of Taxation and Finance; (m) the Internal Revenue Service; and (n) all parties that have requested service pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  In light of the nature of the relief requested herein, the Debtor respectfully submits that no other or further notice need be provided.

## No Prior Request

16.     No prior motion for the relief requested herein has been made to this or any other court.

K&E 26470942

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the

Court enter the Final Decree, substantially in the form attached hereto as **Exhibit A**, granting the

relief requested herein and such other and further relief as the Court deems appropriate.

New York, New York                     */s/ Patrick J. Nash, Jr.*
Dated:  May 16, 2013                    Paul M. Basta, Esq.
                                        KIRKLAND & ELLIS LLP
                                        601 Lexington Avenue
                                        New York, New York  10022-4611
                                        Telephone:    (212) 446-4800

                                                - and -

                                        Patrick J. Nash, Jr. (*pro hac vice* pending)
                                        KIRKLAND & ELLIS LLP
                                        300 North LaSalle
                                        Chicago, Illinois  60654
                                        Telephone:    (312) 862-2000
                                        Facsimile:    (312) 862-2200


                                        *Counsel to the Reorganized Debtor*

K&E 26470942

## Exhibit A

**Proposed Final Decree**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  | ) |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FGIC CORPORATION,[1] | ) | Case No. 10-14215 (SMB) |
|  | ) |  |
| Reorganized Debtor. | ) |  |
|  | ) |  |

## ORDER GRANTING FINAL DECREE
## CLOSING FGIC CORPORATION'S CHAPTER 11 CASE

Upon the motion (the "Motion") of FGIC Corporation as the reorganized debtor

("Reorganized Debtor"), seeking entry of final decree (this "Final Decree") closing the

Reorganized Debtor's chapter 11 case, as more fully set forth in the Motion;[2] and the Court

having found it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the

Court having found this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court

having found venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and the

Reorganized Debtor having provided adequate and appropriate notice of the Motion under the

circumstances; and the Court having found the relief requested in the Motion is in the best

interests of the Reorganized Debtor's estate, its creditors and other parties in interest; and the

Court having reviewed the Motion and having heard the statements in support of the Motion at a

hearing held before the Court (the "Hearing"); and the Court having determined the legal and

factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted

---

[1]   The last four digits of the Debtor's tax identification number are 6474.  The location of the Debtor's corporate headquarters is 125 Park Avenue, New York, New York 10017.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

K&E 26470942

herein; and upon all of the proceedings had before the Court; after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED:

1.      The Motion is granted.

2.      Pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the Reorganized Debtor's chapter 11 case is hereby closed by this Final Decree.

3.      Entry of this Final Decree is without prejudice to the rights of the Reorganized Debtor or any other party in interest to seek to reopen these cases for good cause shown pursuant to section 350(b) of the Bankruptcy Code.

4.      The Court shall retain jurisdiction over the Reorganized Debtor's chapter 11 case to the extent permitted under Article XII of the Plan.

5.      To calculate the quarterly fees payable to the Office of the United States Trustee for the Southern District of New York pursuant to 28 U.S.C. § 1930(a)(6), all disbursements made by the Reorganized Debtor up to the date of entry of this Final Decree will be included in the calculation, and the Reorganized Debtor shall pay these amounts, including any interest required by 31 U.S.C. § 3717 within ten business days of entry of this Final Decree.  No disbursements made by the Reorganized Debtor after the date of entry of this Final Decree shall be included in subsequent calculations, and no minimum quarterly fees shall be payable in respect of the Reorganized Debtor's chapter 11 case for periods after entry of the Final Decree.

6.      The Reorganized Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

7.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, and 9014 or otherwise, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

8.      The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Final Decree.

New York, New York
Dated: _____, 2013                                                                                            
                                                          United States Bankruptcy Judge

## Exhibit B

## Final Report

K&E 26470942

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FGIC CORPORATION,[1] | ) | Case No. 10-14215 (SMB) |
|  | ) |  |
| Reorganized Debtor. | ) |  |
|  | ) |  |

## CLOSING REPORT IN CHAPTER 11 CASE OF FGIC CORPORATION

To the best of my knowledge and belief, the following is a breakdown in the chapter 11 case of FGIC Corporation (the "Reorganized Debtor"):

FEES AND EXPENSES[2]

| Professional | Fees | Expenses | Total |
|---|---|---|---|
| Kirkland & Ellis LLP, Counsel to Debtor | $1,385,461.00 | $41,146.94 | $1,426,607.94 |
| Morrison & Foerster LLP, Counsel to Committee | $847,317.75 | $6,435.65 | $847,317.75 |
| Curtis, Mallet-Prevost, Colt & Mosle LLP, Conflicts Counsel to Debtor | $91,658.06 | $8,049.91 | $99,707.97 |
| Total | $2,324,436.81 | $49,196.85 | $2,373,633.66 |

TRUSTEE FEE: N/A

---

[1]    The last four digits of the Debtor's tax identification number are 6474.  The location of the Debtor's corporate headquarters is 125 Park Avenue, New York, New York 10017.

[2]    The amounts set forth below are subject to final approval at the hearing scheduled for May 29, 2013 pursuant to the final fee applications for each of the professionals listed.

K&E 26470942

FEE for ATTORNEY for TRUSTEE: N/A

_____

% DIVIDEND PAID / TO BE PAID ON ALLOWED CLAIMS: N/A

FUTURE DIVIDENDS: N/A

_____

2

STEPS TAKEN TO CONSUMMATE THE PLAN:

1.  On April 23, 2012, this Court entered the *Findings Of Fact, Conclusion Of Law, and Order Confirming the Chapter 11 Plan of Reorganization of FGIC Corporation* [Docket No. 314] (the "Confirmation Order").

2.  On April 19, 2013, the Debtor substantially consummated the Plan and emerged from chapter 11 protection [Docket No. 370].

3.  A summary of the distributions made under the Plan[3] is below:

- Class 1 - Priority Non-Tax Claims:  Paid in full

- Class 2 - Secured Tax:  Paid in full

- Class 3 - Other Secured Claims:  Paid in full

- Class 4 - Plan Sponsor Intercompany Claim:  Received Plan Sponsor Stock (as defined in the Plan)

- Class 5 - Convenience Claims:  Paid in full

- Class 6 - General Unsecured Claims:  Pro rata share of (a) New Common Stock (as defined in the Plan) and (b) available cash (approximately $18.4 million)

- Class 7 - Equity Interests:  No recovery

- Class 8 - Section 510(b) Claims:  No recovery

---

[3] Capitalized terms used in the summary below shall have the meanings ascribed to them in the Plan.

K&E 26470942