<u>Hearing Date and Time:</u><br>May 29, 2013 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                          :        Case No. 10-14215 (SMB)
                                               :
    FGIC Corp.,                              :        Chapter 11
                                               :
                     Debtor.       :
------------------------------------------------------------x

**STATEMENT OF THE UNITED STATES TRUSTEE
TO APPLICATIONS FOR FINAL FEES AND
<u>REIMBURSEMENT OF OUT-OF-POCKET EXPENSES</u>**

TO:    THE HONORABLE STUART M. BERNSTEIN,
           UNITED STATES BANKRUPTCY JUDGE:

Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"), by and through her counsel, respectfully submits this statement (the "Statement"), regarding certain of the following applications for final fees and reimbursement of out-of-pocket expenses (the "Final Fee Applications"):

| APPLICANT | PERIOD | FEES | EXPENSES |
|---|---|---|---|
| Curtis, Mallet-Prevost, Colt & Mosle LLP Conflicts Counsel to the Debtors | 8/23/10 through 11/30/10 | $91,658.06 | $8,049.91 |
| Morrison & Foerster LLP Counsel to the Creditors' Committee | 9/7/10-4/23/12 | $847,317.75 | $6,435.65 |
| Kirkland & Ellis LLP Counsel to the Debtor | 8/3/10 through 4/23/12 | $1,385,461.00 | $41,146.94 |

**A.    Background**

1.    On August 3, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11, of title 11, of the United States Code ("the Bankruptcy Code").  The United States Trustee incorporates by reference the facts and definitions set forth in her Objections to the first interim fee applications (ECF Nos. 130, 143) and her Responses to the second interim fee applications (ECF No. 193, 246).

**B.    Status of the Case**

2.    On April 23, 2012, the Court entered an order confirming the Chapter 11 Plan of FGIC Corporation (the "Plan").  (ECF No. 314).

3.    On April 19, 2013, the Plan went effective.  *See* Notice of Occurrence of Effective Date and Deadline for Professionals to File Final Fee Applications.  (ECF No. 370).

**C.    Legal Standards.**

*1. Reasonableness.*

Bankruptcy Code Section 330(a)(1) provides that:

> After notice to the parties in interest and the United States trustee and a hearing, and subject to section 326, 328, and 329, the court may award to a trustee, … an examiner, … or a professional person employed under section 327 or 1103 –
>
> > (A)    reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, … or attorney and by any paraprofessional person employed by any such person; and
> >
> > (B)    reimbursement for actual, necessary expenses.

2

11. U.S.C. § 330(a)(1)(A) and (B).

To determine reasonableness, Section 330(a)(3) of the Bankruptcy Code provides that:

> . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> a. the time spent on such services;
>
> b. the rates charged for such services;
>
> c. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> d. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> e. with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> f. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11. U.S.C. § 330(a)(3). *See also* Administrative Order M-447, Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the "Amended Guidelines") and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "UST Guidelines").

The applicant bears the burden of proof for its claim for compensation. *See Howard & Zukin Capital v. High River Ltd. P'ship*, 369 B.R. 111, 114 (S.D.N.Y.

2007); *see also Zeisler & Zeisler, P.C. v. Prudential Ins. Co. (In re JLM, Inc.)*, 210 B.R. 19, 24 (B.A.P. 2d Cir. 1997). The failure of an applicant to sustain the burden of proof as to the reasonableness of the compensation may result in the denial of the request for compensation. *In re Beverly Mfg. Corp.*, 841 F.2d 365 (11th Cir. 1988).

The Court has an independent burden to review fee applications "lest overreaching … professionals drain [the estate] of wealth which by right should inure to the benefit of unsecured creditors." *Keene Corp.*, 205 B.R. at 695 (quoting *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 844 (3d Cir. 1994)).

In enacting the Bankruptcy Code, Congress made clear that there is an inherent public interest that must be considered in awarding fees in a bankruptcy case. Senate Report No. 95-989, 95th Congress, 2d Session 40 (1978). U.S. Code Cong. & Admin. News 1978, p. 5787. Thus, the Bankruptcy Code imposes upon the Court a supervisory obligation not only to approve the employment of professionals, but also to ensure that the fees sought by those professionals in a bankruptcy case are reasonable, and that the services and expenses were actually and necessarily incurred. *In re Fibermark, Inc.*, 349 B.R. 385, 393 (Bankr. D. Vt. 2006). This responsibility is especially acute since the professionals seek compensation out of a bankruptcy estate. *Id.* at 394 (citing *S.T.N. Enters., Inc.*, 70 B.R. 823, 832 (Bankr. D. Vt. 1987)). The rationale for the bankruptcy court's independent duty to review fee applications has been described as "a duty to ... protect the estate 'lest overreaching ... professionals drain it of wealth which by right should inure to the benefit of unsecured creditors.'" *Id.* (quoting *In re Keene Corp.*, 205 B.R. at 695)).

4

Further, the Bankruptcy Court has the authority to reduce fees or expenses when they are disproportionate to the benefit to the estate, even if it already has approved the professional's retention under Sections 327 and 328 of the Bankruptcy Code. *In re Taxman Clothing Co.*, 49 F.3d 310, 316 (7th Cir. 1995); *see also Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 262-63 (3d Cir. 1995) (affirming lower courts' denial of improperly documented and inadequately detailed expenses).

### 2. *Vague Time Entries*

In addition, time entries may not be vague. *See In re Baker*, 374 B.R. 489, 495 (Bankr. E.D.N.Y. 2007) ("The records must be detailed enough to enable a Court to determine whether the attorneys are claiming compensation for hours that are 'redundant, excessive, or otherwise unnecessary.'"); *see also In re Bennett Funding Group*, 213 B.R. 234, 244 (Bankr. N.D.N.Y. 1997) ("In cases where the time entry is too vague or insufficient to allow for a fair evaluation of the work done and the reasonableness and necessity for such work, the court should disallow compensation for such services."). These vague entries "make a fair evaluation of the work done and the reasonableness and necessity for the work extremely difficult, if not impossible." *In re Hudson*, 364 B.R. 875, 880 (Bankr. N.D.N.Y. 2007). "Entries that contain such vague characterization of the services performed as 'meeting with,' 'conversations with,' 'review materials or docket,' and 'draft correspondence to' fail to adequately describe the services provided and are routinely disallowed." *In re Hirsch*, No. 02-17966, 2008 WL 5234057, at *7 (Bankr.

10-14215-smb    Doc 388    Filed 05/24/13    Entered 05/24/13 16:09:32    Main Document
Pg 6 of 10

E.D.N.Y. Dec. 11, 2009). Similarly, a timekeeper's use of the phrase "attention to" renders it "impossible to determine the nature of the service or activity that "attention" purports to describe." *CCT Commc'ns*, 2010 WL 3386947, at *8.

### 3. *Overhead and Other Administrative Activities*

Word processing is "a clerical service regardless of who performs it." *Bennett Funding*, 213 B.R. at 248. As an overhead expense, word processing cannot be billed to the client. Overhead also includes secretarial and clerical pay, library costs, and office supplies. *See In re Fibermark, Inc.*, 349 B.R. 385, 400 (Bankr. D. Vt. 2006) (Overhead expense reimbursement will be "denied . . . categorically."). Moreover, the UST Guidelines provide that word processing expenses are non-reimbursable "overhead." *See* UST Guidelines at b(5)(vii).

### 4. *Preparation of Fee Applications and Monthly Fee Statements*

Although the appropriateness of compensation for the preparation of a fee application is recognized implicitly in Section 330(a)(6) of the Bankruptcy Code, the Bankruptcy Code does not give professionals *carte blanche* to charge debtors' estates for unreasonable fees to prepare fee applications. As the bankruptcy court in *In re Computer Learning Ctrs., Inc.*, 285 B.R. 191, 219-20 (Bankr. E.D. Va. 2002) held:

> [T]his does not mean that every aspect of preparing a fee application is compensable. *In re CF & I Fabricators of Utah, Inc.*, 131 B.R. 474, 483-88 (Bankr. D. Utah 1991) carefully reviews the billing process and analyzes each aspect for purposes of compensation under 11 U.S.C. § 330. It holds that those portions of the billing process common to billing both bankruptcy clients and non-bankruptcy clients are not compensable under § 330 because they are part of the professional's overhead. They are not separately charged to non-bankruptcy clients and no additional effort is required to complete them for a bankruptcy

> client. For example, maintaining time records does not require additional effort. Lawyers and accountants maintain the same time records in a non-bankruptcy matter as in bankruptcy matters. Nor do lawyers or accountants charge for preparing their bills. Bills must be prepared in non-bankruptcy matters as well as bankruptcy matters. There may be some additional effort in putting the time records into the format required by the court. For example, the court requires time records to be maintained chronologically by task. While this may sometimes differ from the format of a non-bankruptcy bill, the additional effort is not generally significant if the records are initially properly set-up. Time records are almost universally maintained on computers with software that shows multiple formats, one of which will usually satisfy the bankruptcy requirements. A computer billing package used by a professional that does not retrieve information in a format compatible with bankruptcy requirements and requires revisions to rectify the inadequacies, is not a deficiency the estate should pay for. This is especially true for professionals who regularly practice in this court and regularly prepare fee applications. Only those aspects of preparing a bankruptcy fee application that require additional-not merely different-efforts are compensable under § 330(a)(6).

*See also In re Mesa Air Group, Inc.*, 449 B.R. 441, 445 (Bankr. S.D.N.Y. 2011) (bankruptcy court finding that 3-5% of the total fees sought for preparing fee application is a "useful metric," and 8% in that case was "too high"). Further, the review and editing of time records – as opposed to fee applications – is not compensable. *CCT Commc'ns*, 2010 WL 3386947, at *9 ("Outside of bankruptcy, lawyers presumably do not charge their clients for preparing time records."); *see also Mesa*, 449 B.R. at 446 (agreeing with the bankruptcy court's decision in *CCT Commc'ns* that review and editing of time records is not compensable).

    5.    *Travel Time*

Travel time generally is charged at one-half the professional's hourly rate. *See Petronella v. ACAS*, No. Civ. 302CV01047 (WWE), 2004 WL 1688525 at *1 (D.

7

Conn. Jan. 23, 2004) (citing *Spray Holdings, Ltd. v. Pali Fin. Group, Inc.*, 2003 U.S. Dist. LEXIS 13980 (S.D.N.Y. 2003); *Wilder v. Bernstein*, 975 F.Supp. 276, 283-84 (S.D.N.Y. 1997)). *See also In re Raytech Corp.*, 241 B.R. 785, 790 (D. Conn. 1999) (vacating and remanding bankruptcy court's allowance of full compensation for attorneys' non-working, non-local travel time for determination of "customary billing practice for nonproductive travel time in the prevailing community"); *In re Kuhn*, 337 B.R. 668, 676 (Bankr. N. D. Ind. 2006) (travel time in this district is compensated at one-half of the professional's hourly rate); *In re Caribbean Const. Servs., Inc.*, 283 B.R. 388, 395 (Bankr. D.V.I. 2002) (non-working travel time compensable at 50% of customary hourly rate unless evidence establishes that professional used time productively by preparing for meeting or court proceeding); *In re Anderson Grain Corp.*, 222 B.R. 528, 532 (Bankr. N.D. Tex. 1998) (50% of customary hourly rate for non-working travel time more than adequate as "[t]here are just too many distractions while traveling to consider that full hourly rates should be allowed.").

Under Section 330(a)(1)(B) of the Bankruptcy Code, only documented expenses that are actual and necessary are reimbursable. 11 U.S.C. § 330(a)(1)(B). Professionals must "furnish enough specificity for the Court to establish whether a given expense was both actual and necessary." *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758, 769 (Bankr. E.D.N.Y. 2005) (quoting *In re S.T.N. Enters.*, 70 B.R. 823, 834)). Expenses are "actual" if they are incurred and not based on a formula or *pro rata* calculation. *Bennett Funding*, 213 B.R. at 398. Expenses are "necessary" if

they were "reasonably needed to accomplish proper representation of the client." *In re American Preferred Prescription, Inc.*, 218 B.R. 680, 686-87 (Bankr. E.D.N.Y. 1998).

### D. Final Fee Applications

#### 1. *Curtis Mallet*

Curtis Mallet seeks a final allowance of fees in the amount of $91,658.06 and reimbursement of out-of-pocket expenses in the amount of $8,049.91 for the period August 23, 2010 through November 30, 2010. The United States Trustee has no objection to the allowance of fees and the reimbursement of out-of-pocket expenses in the amounts requested.

#### 2. *Kirkland & Ellis*

K&E seeks a final allowance of fees in the amount $1,385,461.00 and reimbursement of out-of-pocket expenses in the amount of $41,146.94 for the period August 3, 2010 through April 23, 2012. In connection with concerns raised by the United States Trustee regarding vague time records and non-compensable overhead, K&E has voluntarily agreed to reduce its fee request by $11,200.00. In connection with concerns raised by the United States Trustee regarding limousine wait time, excessive tipping for meals and secretarial overtime, K&E has voluntarily agreed to reduce its expense reimbursement request by $750.00. In light of these reductions, the United States Trustee does not object to K&E's final fee request, as modified.

9

### *3. Morrison & Foerster*

MoFo seeks a final allowance of fees in the amount of $847,317.75 and reimbursement of out-of-pocket expenses in the amount of $6,435.65 for the period September 7, 2010 through April 23, 2013. In connection with concerns raised by the United States Trustee regarding vague time records and non-compensable overhead, MoFo has voluntarily agreed to reduce its fee request by $1,698.00. In connection with concerns raised by the United States Trustee regarding charges for secretarial overtime, meals in excess of $20.00 and long distance phone charges, MoFo has voluntarily agreed to reduce its expense reimbursement request by $529.97. In light of these reductions, the United States Trustee does not object to MoFo's final fee request, as modified.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order granting such other relief as is just and proper.

Dated:     New York, New York
           May 24, 2013

                                    Respectfully submitted,

                                    TRACY HOPE DAVIS
                                    UNITED STATES TRUSTEE

                                    By    s/Linda Riffkin
                                        Linda Riffkin, Asst. United
                                         States Trustee
                                        Andrea B. Schwartz
                                        Trial Attorney
                                        33 Whitehall Street, 21st Floor
                                        New York, New York  10004
                                        Tel. No. (212) 510-0500